No. 71.—RADFORD E. MORROW *et al.* plaintiffs in error, *vs.* SAMUEL HANSON, defendant in error.

[1.] Where suit was instituted on a promissory note, and the defendant pleaded a *total* failure of consideration, and alleged a *parol* warranty of the property for which the note was given, as a part of his defence: *Held*, that the plaintiff could not avoid this defence by insisting on the Statute of Limitations, although more than four years had elapsed from the time of such parol warranty.

Assumpsit and motion for a new trial, in Henry Superior Court.   Heard and decided by Judge STARK, October Term, 1850.

An action of assumpsit was instituted by Samuel Hanson against Radford E. Morrow and Vincent P. Morrow, on —— promissory notes, the balance of the purchase money for a jackass, purchased by Morrow from Hanson, returnable to October Term, 1846, of Henry Superior Court.   *The notes were dated the* ————, 1840, and fell due on the 25th day of December of the

Morrow *et. al. vs.* Hanson.

same year, and were for thirty dollars each. The defendants pleaded failure of consideration.

On the trial the plaintiff demurred to the plea, on the ground that as the warranty of the jack was by parol, and more than four years had elapsed from the time of the making and failure of the warranty, the Statute of Limitations barred the defence. The Court overruled the demurrer. The Jury found a verdict for the defendants ; whereupon, counsel for plaintiff moved for a new trial, on the ground that the Court erred in deciding and ruling that the defendants were not barred from pleading failure of consideration to the notes, more than four years having elapsed since the notes became due, and the failure of the warranty of the jack.

At October Term, 1850, the Court granted a rule absolute for a new trial, on the ground taken in the rule *nisi*, and reinstated the case.

Whereupon counsel for the defendants excepted and assigned error.

W. W. CLARK, for plaintiffs in error.

J. FLOYD, for defendant in error.

*By the Court.*—WARNER J. delivering the opinion.

The only point in this case is, whether in a suit upon a promissory note by the plaintiff, the defendant may show, by way of defence, a warranty of the property for which the note was given, and that the consideration had *totally failed*, the warranty being by *parol*, and more than four years having elapsed from the time of making such parol warranty. The general rule of law is, that where there is a *total failure* of the consideration, and the defendant has derived no benefit from the contract, or none beyond the amount of money which he has already advanced, such total failure of consideration may be shown in bar of the action. 2 *Greenleaf's Ev.* §113, 136. So long as the plaintiff has the legal right to sue the defendant, he may defend himself by show-

ing he has *no cause of action against him.*   The note of the plaintiff imports a consideration on its face, but it is competent for the defendant to show, either that there was no consideration, or that the consideration for which it was given has *totally failed;* in other words, that the plaintiff has *no cause of action against him;* and it is not competent for the plaintiff to insist upon the Statute of Limitations, in order to avoid the defendant's defence, when he is seeking to enforce the contract against him.   So long as the plaintiff has the legal right to *sue on the contract,* the defendant has the co-relative right *to defend it.*

Let the judgment of the Court below be reversed.