### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

# AT MILLEDGEVILLE,

## NOVEMBER TERM, 1856.

Present—JOSEPH H. LUMPKIN, ⎫
HENRY L. BENNING, ⎬ *Judges.*
CHAS. J. McDONALD, ⎭

No. 133.—ALEXANDER M. BROWN, plaintiff in error, *vs.* JOSEPH WINSHIP, defendant in error.

[1.] A defendant who authorizes an agent to acknowledge service for him, of all suits that may be brought against him returnable to a particular term of the Court, and the agent does not acknowledge service, cannot continue the case on the ground that he did not know of the institution of the suit, and that he was ignorant of facts which he might have ascertained by examining the complaint on which service was acknowledged; and had not, therefore, looked up his witnesses and prepared for trial.

Complaint on note, in Morgan Superior Court. Tried before Judge HARDEMAN, March Term, 1856.

To March Term, 1855, Joseph Winship brought suit, under the Act of 1847, on a note made by A. M. Brown, on which service was acknowledged by J. C. Reese, as agent for Brown. Judgment was confessed at September Term, 1855, by J. A. Billups, as Attorney for Brown, and an ap-

peal entered.   Pending the appeal, Brown filed a plea of set-off of an account.   At March Term, 1856, Brown moved for a continuance, on the ground that he had never seen the original writ; was not aware that a certain credit was entered on the note until within the last three weeks; that this credit was wrongly entered, and he had sought for and lately discovered a witness (the person who entered the credit) who could and would explain it, but that he had found him at too late a period to take his testimony.   The Court refused a continuance, and error is assigned thereon.

The account filed as a set-off, was barred by the Statute of Limitations at the time it was filed, but was not so barred at the time the suit was commenced on the note.   The Court charged the Jury, that under these facts, the set-off was barred by the Statute.   This decision is assigned as error.

Fannin & Wingfield, for plaintiff.

A. Reese, for defendant.

*By the Court.*—McDonald, J. delivering the opinion.

The record shows that the plaintiff in error, Brown, who was defendant in the Court below, had authorized John C. Reese to acknowledge service for him of every suit that might be commenced against him to the term of the Court to which the plaintiff's case was made returnable.   No objection was made to the sufficiency of the service.   The defendant was bound by the service, and it was no excuse that he did not know what suits had been instituted against him.   He might have seen the original complaint, by applying at the Clerk's office, and with it the copy of the note sued on and the credit thereon.

It was his own fault that he did not see the original writ until three weeks before the appeal trial, and inform himself of the credit on the note.   He had employed Counsel almost six months before, had confessed judgment and entered an appeal.

Brown *vs.* Winship.

It was by his own remissness that he failed to ascertain the defence he should make and the evidence he should need. The plaintiff ought not to have been delayed on that account, and the Court below very properly over-ruled the motion for a continuance.

In the judgment of affirmance on this point, my brother BENNING and myself concur.

We unfortunately, however, disagree on the other branch of the case, and I now proceed to state my reasons for holding—

1st. That the Statute of Limitations applies to a set-off.

2d. That the replications of the Statute of Limitations to defendant's account, is a good bar.

The Statute of Limitations declares, that all *actions* shall be brought within the times specified for each description of action mentioned therein, and not afterwards. The term " set-off" is not used in the Statute ; and hence, it is insisted that a demand, if sued on, may be barred by the Statute of Limitations, when the same demand, pleaded as a set-off, is not subject to the operation of the Statute.

It will be remembered that a set-off is no *defence* to the plaintiff's *cause* of action. The defendant may, and often does admit the plaintiff's cause of action when he pleads a set-off, and his plea is not inconsistent with the justness of the plaintiff's debt. The defendant pleads as a set-off a debt or demand on which he might have sued the plaintiff, and the Statute enables him to establish against the plaintiff as a set-off, a debt which, without the Statute, he could have recovered in an action at Law only.

The mode of proof is not changed, but he has to produce the same evidence as if he were the plaintiff in the case, and the plaintiff defends against the set-off in the same manner as if he had been sued upon it. The defendant, then, in cases of set-off becomes the actor as to his plea ; and on the trial of the issue, in effect, becomes the plaintiff. It is the duty of Judges to construe Statutes and "mould them according to reason and convenience, to the best and truest

use." It has been held, as I now hold, that "when a set-off is admissible, the parties are alternately plaintiff and defendant; so that if the cross demand, or any part, be within the Statute of Limitations, that objection may be replied to it, in like manner that it may be pleaded in bar to the declaration." (*Bac. Abr. Title Set-off*, (A.) *citing Remington vs. Stevens, Strange,* 1271.)

The Statute of Limitations may be replied to a plea of set off. (*Hicks vs. Hicks,* 3 *East. R.* 16; *May's Angel on Lim.* 92; *Bulington on Set-off,* 83; 3 *Woodr. Lest,* 85; *Tidd's Pr.* 664.)

Having disposed of the first proposition, I proceed, now, to the second, viz: that the replication of the Statute of Limitations to defendant's account is a good bar.

The suit was commenced on the 13th day of February, 1855; plea of set-off filed on the 3d March, 1856, after there had been a confession of judgment to the plaintiff and an appeal by the defendant.

The account pleaded as a set-off, was due on the 9th of May, 1851. Taken by itself, the account was barred when it was pleaded, and that is the point to which the time must be computed in determining on the bar, when the set-off is not pleaded at the answering term of the Court.

But it is insisted, that if there be mutual accounts, no matter what their character, there is no bar if there is any item on either side within the time of the Statute; and the note sued on, it is alleged, constitutes the account on one side, and the credit thereon is the item which is to save it from the operation of the Statute.

The note is evidence of a settlement of all accounts between the parties anterior to its date, and the credit is presumed to have been made with the consent of the maker; and so far from its furnishing evidence of an undertaking to pay the defendant's account claimed to have been then due, it raises a presumption against it.

The case of *Olive vs. Smith,* (5 *Taunton's Rep.*) on which Counsel for plaintiff in error relied, was decided on the

Statute of Set-off in bankruptcy. It was founded on the terms, " mutual credit" in that Statute, which are not to be found in our Statute of Set-off, and which are held to have a more extensive signification than the terms "mutual debts." (*Ex-parte Prescott*, 1 *Atkins*, 230; *Eden on Bankrupt Law*, 187.)

The case of *Ord vs. Russini*, does not decide that the Statute of Limitations cannot be replied to a plea of set-off. It was decided on the facts of the case. Lord *Kenyon* held that the Statute did not apply to the defendant's demand; that it would be the highest injustice to allow plaintiff's demand to have an operation by law, and not the defendant's.

. And why? Because the transactions between the parties were of the same date, the bills were given in the course of those transactions, and for their mutual accommodation. It might well have been held, that when either party paid his acceptance for the accommodation of the other, it was a payment of his bill which had been accepted and paid by the other. It might have come within the exception of the Statute of Limitations, where an action for an account would lie; it was certainly within the reason of that Statute, if there were unsettled dealings between the parties.

It was not contended, in the case of *Stiles vs. Donaldson*, (2 *Dallas*, 264,) relied on by Counsel for plaintiff in error, that the Statute of Limitations could not be replied to a plea of set-off, but that the case of a factor was not within the Act of Limitations, and a statute of Pennsylvania was referred to. The notice of set-off, served on the plaintiff in that case, shows that the indebtments of plaintiff to defendant, arose " upon accounts still remaining unliquidated and unsettled between them as merchants," &c.

The Statute of Limitations being a good replication to a plea of set-off, it follows that it is a good rejoinder to that replication, that the defendant's account concerned the trade of merchandize between merchant and merchant, their fac-

tors and servants. But the facts of this case do not warrant such rejoinder.

The plaintiff's suit is on a promissory note; the defendant's set-off is for services rendered plaintiff as his agent in selling cotton gins, and his expenses during the time. The demand on neither side can be made the basis of an action for an account. On one side it is an ascertained, liquidated demand; on the other, it is the ordinary case of an account for services rendered and expenses. There does not seem to be any unsettled matter of account growing out of the fiduciary relation of merchant and factor or agent. It was held, in the case of *Inglis vs. Haigh*, (8 *Ma. & W.* 769,) that the exception in the Statute of Limitations as to merchants, accounts, &c. does not apply to such a case as this, where a common action of *indebitatus assumpsit* would lie. In *Caltom vs. Patridge*, (4 *Man. & Gran.* 271,) it was held that it does not apply where an action of account cannot be maintained.

I am of opinion that the judgment of the Court below should be affirmed by this Court, but that the two presiding Judges disagreeing on the two last propositions, they can pronounce no judgment of affirmance, but the judgment of the Court below must stand as its own judgment.