### STILES *v.* THE STATE.

LITTLE, J. 1. Whether the evidence for the State was overcome by that introduced in behalf of the accused, and whether the alibi sought to be proved was sufficiently made out, were questions properly left to the jury, which determined them adversely to the plaintiff in error ; and their finding being authorized by the evidence, the verdict will not be disturbed.

2. There was no error in the admission of the diagram, preliminary proof of its correctness having been made. It will not be presumed that the jury undertook to decipher words thereon which the court directed to be erased, and which, so far as appears, would not thereafter, on inspection, be readily deciphered.

3. The words "cotton press," written on the diagram as descriptive of an appliance located at a particular place thereon, did not render the diagram inadmissible in evidence, when the draughtsman as a witness testified that it was correct, and in his evidence described the appliance as a cotton press.

*Judgment affirmed. All the Justices concurring.*

Argued May 20, — Decided July 17, 1901.

Indictment for larceny. Before Judge Hart. Putnam superior court. April 15, 1901.

Upon the trial of the plaintiff in error for stealing two bales of cotton, the testimony tended to prove the corpus delicti, the tracing of wagon-tracks from where the cotton was stolen to the premises of the accused, and the finding of the two bales, identified as the stolen ones, in an outhouse near the dwelling of the accused, where they were covered with loose cotton. Between the outhouse and the house of a laborer on the premises, as shown by a diagram and by testimony in connection therewith, was a sort of press. To the reception in evidence of this diagram objection was made on the grounds, that the words, "Store-room for stolen goods," and "Cotton press," were written thereon, it being contended that these words constituted the expression of an opinion of the witness who drew the diagram, that the outhouse was used for the purpose of storing stolen goods by the defendant, and that the press was

used for rebaling and repressing cotton.　Before admitting the diagram the court directed that the words objected to be erased, and the statement was made by the solicitor-general that this had been done.　The admission of the diagram in evidence, and the allegation that the verdict was contrary to law and evidence, constituted the grounds of the motion for a new trial, the overruling of which was excepted to.

*Allen & Pottle, Howard & Crawford,* and *W. F. Jenkins & Son,* for plaintiff in error.

*H. G. Lewis, solicitor-general,* and *J. B. Park Jr.,* contra.