# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

##### AT THE

## OCTOBER TERM, 1922.

---

### GREEN et al. v. ROUNTREE, executor, et al.

1. The trial judge committed no error in overruling the plaintiffs' demurrer to the answer of the defendants after the latter was amended.
2. The court did not err in the admission of the documentary evidence complained of in grounds 4, 5, 6, 7, 8, and 9, of the amendment to the motion for a new trial.
3. The relevancy of the evidence set out in the tenth ground of the amendment to the motion for a new trial not appearing, the same was improperly admitted by the court.
4. Under the evidence, there being issues of fact, the court erred in directing a verdict for the defendant. ATKINSON, J., dissents.

RUSSELL, C. J., specially concurring. In headnotes 1, 3, and 4 I have expressed the opinion of a majority of the court, in which I fully concur. The ruling in headnote 4 controls the ultimate result, — the judgment of reversal. However, I differ with the majority as to a portion of the ruling in headnote 2, in that I am of the opinion that the objections to the admissibility of the documentary evidence as set forth in grounds 4, 7, 8, and 9 of the amendment of the motion for a new trial should have been sustained.

No. 3016. FEBRUARY 10, 1923. REHEARING DENIED FEBRUARY 20, 1923.

Ejectment. Before Judge W. E. Thomas. Brooks superior court. November 16, 1921.

This was an action of ejectment to recover about 138 acres of land in four parcels, each described in the petition, and lying in land lots 484, 485, 528, and 529 of the twelfth district of Brooks county. The defendants, answering the petition, set up title by prescription; and for additional plea and answer averred that

1

if either of the plaintiffs' lessors ever had or acquired any right or title to any of the tracts of land sued for, it was only an undivided interest in the tract which included the tract sued for and other tracts now belonging to the estate of A. J. Rountree, and which also included an adjoining tract of 300 acres a part of lot 529 in the 12th land district of said county, which is described; and that the entire tract of land, including both the land sued for and the 300-acre tract, was partitioned, at least as to J. M. Harris, Mary E. Harris, Mary E. Green, and Ina Adams, lessors of the plaintiff, who went into exclusive possession of the 300-acre tract, and thereafter their heirs at law sold and disposed of it as a whole, and the deeds made by them, nearly twenty years before said suit was brought, described the land sued for as the property of the Rountree estate.

The plaintiffs demurred to the answer of the defendants; and after the allowance of an amendment the demurrer was overruled, and exceptions pendente lite were taken to that ruling. The case then proceeded to trial, and at the conclusion of the testimony the court directed a verdict in favor of the defendants. A motion for a new trial was overruled; and the case came to this court upon the exceptions to the overruling of the demurrer to the answer, and to the judgment refusing a new trial upon each and all of the grounds thereof.

*Branch & Snow* and *M. Baum,* for plaintiffs.

*Bennet & Harrell,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.)

1. We shall first deal with the exception to the order of the court overruling the demurrer to the answer. The first ground of the demurrer objects that the third paragraph of the defendant's answer does not state what undivided interest, if any, plaintiffs' lessors had or acquired in the land sued for; the statement made being only that such lessors acquired an undivided interest. In response to this special demurrer the defendants amended by alleging: "the exact amount of such undivided interest, if any, being unknown to defendants, and defendants being without sufficient information to allege what undivided interest, if any." We think the amendment was sufficient to authorize the court to overrule the demurrer to this paragraph of the answer, be-

cause the information sought by the special demurrer was not necessarily within the knowledge of the defendants.

In the second ground of the demurrer it was complained that the third division of paragraph three of the answer which sought to set up a partition of the land originally purchased by Parker and Harris failed to state when the land was partitioned, between whom land was partitioned, how and in what manner the same was partitioned, and what lands were received by the parties respectively. The demurrer also complained that this paragraph of the answer failed to state that the 300-acre tract described in paragraph three was all the land received by J. M. Harris, Mary E. Harris, Mary E. Green, and Ina Adams, and did not set forth with sufficient particularity and clearness any of the particulars of the alleged partition to put the plaintiffs upon notice of the facts sought to be proved by the defendants, so as to enable the plaintiffs to meet the issue sought to be made. Defendants attempted to meet the demurrer by amending paragraph 3, by adding after the word " plaintiffs," and before the word " they," near the last of said paragraph, the following words:  " A. J. Rountree, by parol agreement which was duly executed by J. M. Harris, trustee for Mrs. J M. Harris, entering into exclusive and adverse possession of the 300 acres of land described in said paragraph, and A. J. Rountree entering into exclusive and adverse possession of the remainder of said land, including the land sued for." This amendment gave all the information called for by the special demurrer, except that it did not state whether the 300-acre tract was all the land received by the lessors of the plaintiffs, and does not set forth with particularity and clearness some particular information which the plaintiffs might have been entitled to, had the demurrer pointed out what was desired by specifying in what respect the answer was deficient. In the absence of a more specific special demurrer, we do not think the defendants were bound to say in so many words (or more plainly than by the inference suggested by the statement that 300 acres was accepted) that the 300-acre tract was all the land received by the lessors of the plaintiffs. From the statement that the plaintiffs' lessors received 300 acres of land (construing the pleadings most strongly against the pleader) it must be inferred that this was all they received. The nature of the de-

murrer specially addressed to the only point upon which full in-
formation is not supplied is such that the court could not com-
pel amendment, because the demurrer failed to " put its finger
on the point." *Martin* v. *Bartow Iron Works,* 35 *Ga.* 320-323
(Fed. Cas. No. 9157).

In addition to the general grounds, the 4th, 5th, 6th, 7th,
8th, and 9th grounds of the amendment to the motion for a new
trial raised the following questions as to the rulings of the court
upon evidence:

(4) Whether the court should have excluded the plat intro-
duced by the defendants upon the objection of the plaintiff that
it was a plat of the division of some land not sued for in the
pending action, and because it contained entries appearing up-
on the plat showing who owned the adjoining land. My colleagues
are of the opinion that this plat was properly admitted, while I
think the plat should have been excluded for reasons which I
will state hereinafter.

(5) Did the court err in admitting the deed from Ina Adams
and Mary E. Green, parties in this cause, in which they quit-
claimed to Mrs. B. Harris certain land therein described, over
the objection that the deed could not throw any light. upon the
issue involved in this case, and that the testimony is irrelevant
because the land described is not the land in controversy in the
case, and the deed throws no light on the subject-matter of the
controversy and might be prejudicial to the plaintiffs' case? A
further objection (after defendants' counsel had stated that they
tendered it to show that movant entered into exclusive possession
and had sold off the land described, for the purpose of showing
an estoppel, and also to show that it was partitioned between
Rountree and plaintiffs, and that they took possession and sold
it) was upon the ground that the evidence was irrelevant, and
that said deed could not be admitted in evidence for any of the
purposes stated by defendants' counsel.

(6) Whether the court should have excluded, on motion of
plaintiffs' counsel, the deed from Mrs. B. Harris to Ina Adams
and Mary E. Green, conveying 200 acres of land, being a part of
300 acres of land of lot 529, described in the deed, over objec-
tion that the deed was irrelevant, that Mrs. B. Harris was not
a party to the case, and that movants were not claiming under

her as to the particular land in controversy; which objections the court overruled.

(7) Whether the court erred in admitting to the jury a deed from Mary E. Green to B. G. Hodges, conveying a one-half interest in 200 acres of land described in the deed, over objection that the same was irrelevant, that it threw no light upon the issues involved in the case, and that it was a deed to land. other than the land in controversy, and threw no light on the subject-matter, and might be prejudicial to plaintiffs' case; and because it could not be used to show an estoppel against the plaintiffs, nor to show that the land was partitioned between Rountree and the plaintiffs' predecessors in title; and because B. G. Hodges was not a party to this case, and none of the parties were claiming under or through him; and because the land conveyed was not a part of the land in controversy.

(8) Whether the court erred in admitting a deed from Ina Adams to B. G. Hodges conveying a one-half undivided interest in the same 200 acres of land as described in the preceding paragraph, over the objection that the same was irrelevant and could throw no light upon the issue involved in this case; that it was a deed from the predecessors in title of all the movants in said case, except Mary E. Green, to other parties, and the land described is other than the land in controversy, and throws no light upon the subject-matter and might be prejudicial to plaintiffs; and because it could not be used to show an estoppel against the plaintiffs, the present movants, nor to show that the land was partitioned between Rountree and the plaintiffs, or the plaintiffs' predecessors in title; and because B. G. Hodges was not a party to this case, and none of the parties were claiming under him or through him; and because the land conveyed was not a part of the land in controversy.

(9) Whether the court erred in admitting a deed made by Mrs. B. Harris to I. W. Hawkins, conveying 100 acres of land west of the land in controversy, over objection that neither party to this deed was a party in the present case, and none of the parties in the present case are claiming under or through them, and because the same is irrelevant and can not illustrate any of the issues of this case, and might be prejudicial to the plaintiffs' interest.

(10)   Whether the court erred in admitting certain records from the ordinary's office, showing proceedings in setting apart to Mrs. B. Harris a year's support as the widow of J. M. Harris, over the objection that this evidence was irrelevant and immaterial, and because none of the parties in the case are claiming or were claiming under J. M. Harris.

2.   The third headnote embodies the view of the majority of this court, who find that there is no error in any of the other rulings of the trial judge as to evidence. Speaking for myself alone, I shall discuss the fourth, seventh, eighth, and ninth grounds of the amendment of the motion for a new trial, as to which I differ from my colleagues.   The writer is of the opinion that it was error to admit in evidence a plat which contained written information which might be used by a jury in the same manner as sworn testimony in the case.   Memoranda upon this map indicated certain individuals as being owners or as in possession (or as having been in possession) of certain portions of the land.   In my opinion this is but opinionative evidence, so far as shown by the plat itself.   Admittedly, as appears from the record, the plat was made prior to the trial, without any order of court; and to permit a jury to consider the statements as to possession, ownership, etc., appearing upon a plat like this one, was, in my opinion, almost equivalent to admitting unsworn testimony. Though unable to find authority ruling upon the exact point, I am constrained to believe that it is error to admit, over timely objection, a plat upon which are entered opinionative memoranda (as to material issuable facts), and then permit the conclusions reached by a plat-maker to be taken to the jury-room and considered by the jury,— perhaps to the exclusion of other testimony which might be overlooked for lack of memoranda to refresh the jury's mind.   And especially is this erroneous, in my opinion, when the memoranda, such as those indicating ownership of land on the plat in the present case, represent merely a conclusion of law upon the part of the maker of the plat. So far as comes under my observation during nearly forty-three years at the bar, it has been the uniform practice of the courts in this State, where proper objection is made, to decline to admit in evidence plats or drawings containing information which ought to be supplied by a witness subject to cross-examination, and

whose credibility may be compared with that of other witnesses under the general rules applicable to the credibility of witnesses. This court, while not ruling upon the exact point, has given intimations in deciding kindred questions, which I think sustain my view and indicate that the objection of counsel for plaintiffs in error should have been sustained, unless the court had required the objectionable features upon the plat to have been erased and eliminated before the plat was sent to the jury. The statement in the second headnote in *Stiles* v. *State,* 113 *Ga.* 700 (39 S. E. 295), that "It will not be presumed that the jury undertook to decipher words thereon which the court directed to be erased, and which, so far as appears, would not thereafter, on inspection, be readily deciphered," and that therefore "there was no error in the admission of the diagram" after preliminary proof of its correctness, leads to the inference (I think a conclusive one) that, *had the court not directed the erasure* of the descriptive words, the admission of the diagram would have been held to be error. In the statement of the facts in the *Stiles* case it appears that the words erased were, "storeroom for selling goods;" and it was contended that these words constituted an expression of the opinion of the witness who drew the diagram. In the case at bar numerous written statements on the plat of the draftsman, as to the location of the several tracts of land, went to the jury by means of the plat, though these entries on the plat are merely opinionative statements on his part at the time of making the diagram, since the evidence fails to show that he was questioned as to any of these when on the stand. To show clearly to my mind how opinionative entries upon a plat may be particularly harmful, it appears in the present case that all of the several tracts of land which the plaintiffs are seeking to recover are marked upon the plat (Exhibit B) as being the property of the defendants in the case. Thus the opinion, as entered on the plat, of the surveyor who had sworn that the plat was true and correct, that the plaintiffs had no case, for the reason that the land in dispute was the property of the defendants (and which is a conclusion of law), could have gone to the jury to be used to contradict even written evidence of title. It is true that by the direction of the verdict the plat was not admitted to the jury in the present case. But that fact does not affect the gen-

eral principle. See also *Parker* v. *Salmons,* 113 *Ga.* 1167 (3)
(39 S. E. 475), in which it is true that the court's ruling was
perhaps placed on the omission of proof of the correctness of the
plat (which is supplied in the case at bar), but in which it was
held to be erroneous to admit in evidence a plat purporting to
be a division of certain land, which had entered thereon writing
which was, in effect, a certificate from a private person identi-
fying it as certain land described in a deed. In the case just
cited the court said that this writing was signed by one who was
apparently " a private person." In my opinion this should not
affect the court's ruling here, even though the plat admitted in
the present case, over objection, was made by one who is county
surveyor; for it appears from the evidence that the survey and
plat were made, not under order of court or in an official ca-
pacity, but merely in pursuance of a private and personal em-
ployment by one of the parties.

We all think the court correctly admitted the deed to which
objection was made in the fifth ground of the amendment of the
motion for a new trial. It is true that it did not directly in-
volve or concern the land in controversy in this case; but inas-
much as there is a recital in the deed that it joins the land of
the Rountree estate, and the deed was made by one of the plain-
tiffs, this recital might or might not be considered by a jury as
a circumstance tending to show a partition of the land acquiesced
in by the plaintiffs or their predecessors, if other facts or cir-
cumstances are shown leading to the conclusion, and it further
appears from the evidence definitely what each of the cotenants
received as his share of the land, marked out with such precision
that the separate share of each can be definitely located.

Though the deed to which objection was made, as set forth
in the sixth ground of the amendment to the motion for a new
trial (query 6, supra), does not contain a recital that it joins the
Rountree estate, or corners on a fence on the line of the Roun-
tree estate, we think it was admissible by reason of the fact that
it appears from the recitals of the deed itself, as well as the re-
citals in the deed from Mrs. Ina Adams and Mary E. Green to
Mrs. B. Harris, that these two deeds were part of one and the
same transaction, and concerned undivided interests in the same
tract of land, however and wherever it may be located.

The majority of the court hold that there was no error in the rulings upon evidence as contained in grounds 7, 8, and 9 of the motion for new trial, hereinbefore referred to in this opinion as questions 7, 8, and 9. With all deference to the opinion of my colleagues, I feel constrained to dissent from their opinion as to these grounds. In my humble opinion the court should have excluded the deed given by Mrs. Mary E. Green to B. G. Hodges, hereinbefore referred to in ground 7 of the motion. It was inadmissible until and unless there had been evidence showing that the land therein described was a part of the land in dispute, or unless it had been shown that it was a portion of some land of which the grantor, Mary E. Green, had been in possession. On the contrary, the only testimony in the record as to this point, so far as I am able to discover, is that of the surveyor, who testifies that the boundaries set forth in the deed would embrace two thirds of the 150-acre tract not claimed by the defendants, and not sued for by the plaintiffs; and the ownership of this is consequently wholly immaterial. I think that the same ruling as should have been made as to the deed from Mary E. Green to B. G. Hodges, as just stated, should apply to the deed from Ina Adams to B. G. Hodges, referred to in the eighth ground of the motion.

The majority of the court find no error in the admission of the deed of which complaint is made in the ninth ground of the motion for a new trial. In my opinion the court should have excluded this deed from Mrs. B. Harris to I. W. Hawkins, upon the ground that neither party to this deed is a party in the present case, and none of the parties in the present case claim through them; and for that reason the contents of the deed were immaterial, and the introduction of this evidence could only tend to confuse the issue.

3. The court admitted, over objection, Book B "Support of Widows," p. 40, in the ordinary's office of Brooks county, showing petition of Mrs. B. Harris to the court of ordinary, and that J. M. Harris died on April 3, 1901, leaving herself his widow, and several minor children, and showing that G. B. Raysor was appointed administrator of J. M. Harris's estate, and asking that appraisers be appointed to set aside to her and her children a year's support; also showing that appraisers were appointed

on June 3, 1901, and that a one-fourth undivided interest in lands valued at $400 was given to Mrs. B. Harris and her children, but without describing what land; also Book A of Appraisements, p. 87, showing that S. S. Meadows, ordinary, on .May 6, 1901, appointed appraisers to appraise the estate of J. M. Harris, the report of the appraisers, who made return showing that J. M. Harris owned at his death a one-fourth interest in 400 acres of land, more or less (without describing the land), this interest valued at $400; also the petition of Ina Adams to the ordinary of Brooks county, to be appointed administratrix on the estate of J. M. Harris, setting up the time of his death, and valuing his estate at $500; which petitions and orders were recorded in Minutes E, p. 613, of the ordinary's court of Brooks county. We fail to see how the proceedings in the court of ordinary as to the grant of a year's support to the widow of J. M. Harris, or the petition for administration upon his estate, or the grant of administration, could be relevant to the single issue in this case. Inasmuch as no party in the case claimed title under J. M. Harris, testimony as to the allowance of a year's support, or any other fact in regard to the administration of his estate, would seem to be irrelevant, even if the land dealt with, as shown by the records in the ordinary's office, had been identified as the same land as that involved in the trial. But from the portions of the record admitted it does not even appear that the land from which the year's support was taken was the same as that in dispute. For that reason each of the records to which objection was made was foreign matter, and should have been excluded.

4. We think the court erred in directing a verdict. The plaintiffs base two divisions of the amendment to the motion for a new trial upon this ground; the one alleging error for the reason that the court could not have directed a verdict in favor of the defendants, if at all, for more than a one undivided half interest in the land in question; and in the other assignment of error it is alleged that the court could not have directed a verdict at all. In our view of the matter it is immaterial that the court directed the verdict in favor of the defendants for the whole of the tract of land in question, or whether he directed a verdict for only an undivided one-half interest; and for that reason we shall consider together the 11th and the 12th grounds of the

amendment to the motion for a new trial. Both parties in this case claim under a common grantor. By the deed of Ben I. Smith, John H. Parker and Mrs. M. E. Harris through her trustee became cotenants — presumably equal tenants in common — in the land described in the deed. It is undisputed in the testimony that for a long time both of the cotenants were in possession. But it does not appear that there was any agreement restricting the use by either to any particular part of the tract as a whole. The two tenants in common were brother and sister, and, so far as appears from the evidence, both were allowed unrestricted use of this plantation. The land was purchased in 1870, and, certainly until John H. Parker gave his power of attorney to A. J. Rountree in 1881, both cotenants were for more than eleven years in lawful and undisputed possession of the land covered by Smith's deed. Possession of part of a tract of land is presumed to extend to and cover all land included within the boundaries of a deed under which possession is held. There is no evidence that this possession was disturbed up to the day of the sale by the United States marshal on the 5th day of May, 1885. This added four years more to the eleven years possession to which we have already referred; for there is nothing to show any act on the part of John H. Parker which would amounted to a demand for possession, or indicate a purpose to oust his cotenant. Therefore, whether he was during that time in actual possession of the land, or even if Mrs. Harris alone was in possession during that time, the possession of either cotenant would be sufficient, because the possession of one cotenant enures to the benefit of the other, in the absence of any evidence of ouster. On the 15th day of May, 1885, under a deed purporting to convey the entire tract purchased by Parker and Mrs. Harris from Ben I. Smith, A. J. Rountree made a purchase at the sale had upon a levy made by Wade, United States marshal, to satisfy a fi. fa. against John H. Parker and Beverly Parker, bidding in the entire 935 acres for $300. In my opinion, the laws of this State applicable to sheriff's sales are properly applied to sales had under judicial process by the marshals of the United States district courts within this State, and a deed executed by a United States marshal can convey no greater interest in land than one executed by a sheriff. It has been

uniformly held in this State that a purchaser at a sheriff's sale gets no greater interest than belonged to the defendant in fi. fa. Consequently, the deed from Wade, United States marshal, to Rountree could only convey to him the interest formerly owned by J. H. Parker in the 935 acres of land, and left the heirs at law of Mrs. M. E. Harris, who died in 1873, entirely unaffected by the marshal's sale, or by the purchase by Rountree, in their original ownership of the other undivided half of 935 acres of land as described in the deed from Ben I. Smith.

Granting the well-settled rule of law that the plaintiff must recover in ejectment upon the strength of his own title, and not upon the weakness of the defendant's title, up to this point in the evidence, the plaintiffs have established a prima facie case to an undivided one-half interest in the entire 935 acres of land, and, upon the testimony adduced, would have been entitled to a verdict in the present case, finding in their favor at least a one-half interest of the land sued for (it being conceded by all parties to be a part of the original 935 acres), and the burden was cast upon the defendants to show how or when title to Mrs. M. E. Harris's half interest in the land sued for was vested in them. The evidence introduced by the defendants on this point is not strong enough to demand a finding that the plaintiffs, as heirs at law of the cotenant, M. E. Harris, had parted with their possession or title. The defendants insist that the verdict rendered was demanded, and that no other verdict could have been rendered, because there had been a partition between A. J. Rountree and J. M. Harris, as trustee. Remembering that a verdict can never properly be directed if there is any evidence to authorize a different finding, we will consider the evidence. What is the evidence to support this contention? There is no writing evidencing that fact, no award of arbitrators to that effect, no record of an adjudication in partition proceedings; and the defendants themselves say by their amendment that it was an agreement in parol. There is no testimony that any parol agreement of partitioning was ever had, or, indeed, that J. M. Harris and A. J. Rountree ever had a conversation on this subject. A circumstance from which an agreement of some kind, either written or parol, may be inferred is that Mr. Rountree had for years cultivated and cut timber on certain portions of the tract of land.

But this proof might, to the mind of a jury considering all of the evidence together, be just as consistent with joint tenancy under the original purchase as of possession and title to the exclusion of the cotenants, the heirs of Mrs. Harris; because in case of cotenancy both tenants in common have a right to possession. Under the evidence a jury may find either way; but it is a jury question.

The recitals in two quitclaim deeds made by Mrs. Mary E. Green and Mrs. Ina Adams (the one herself a party plaintiff, and the other the mother of the remaining plaintiffs), in which certain lands conveyed by them are referred to as being "bounded by lands of the Rountree estate," is a circumstance to be considered by the jury; but in view of the fact that it appears from the evidence that a jury might be authorized to find in favor of either of two different partitions, or that none was ever made, it will be for a jury to find what lands are meant by the words "lands of the Rountree estate." The surveyor testified that the deeds containing the recitals just stated would embrace land not contained in the 300 acres, and that indeed two thirds of the land contained in the boundaries of that deed are drawn from a 150-acre tract which is not claimed by the plaintiffs. There are numerous other facts and circumstances to which I shall not now refer, but which satisfy this court that, there being issues of fact, the court below erred in directing a verdict for the defendants.

*Judgment reversed. All the Justices concur, except Atkinson, J., dissenting.*