## ODUM, administrator, *v.* MCARTHUR.

HILL, J. 1. The motion for new trial complains that the court illegally admitted to the jury, over the objection of the movant, certain testimony of the plaintiff, as follows: "My father knew about my going into possession of it, and he knew of all these improvements that I made, and [speaking of cutting the timber] he, my father, knew about it, and he made no objection that I know of." It was error to admit the above evidence over the objection that plaintiff was testifying as to a transaction with his deceased father, whose administratrix was the defendant, with regard to the issue involved in the case, and in support of his alleged gift from his father. Civil Code (1910), § 5858; *Hill* v. *Merritt*, 146 *Ga.* 307, 309 (91 S. E. 204); *Garrick* v. *Tidwell*, 151 *Ga.* 294 (106 S. E. 551).

2. Error is assigned because during the trial of the case the defendant offered to prove by a witness for plaintiff, upon cross-examination, that the deceased M. D. McArthur had conveyed all of his lands before he died, except the 294 acres which the defendant offered to convey to the plaintiff, and one other tract which the administrator sold since intestate's death, and that the estate did not have title to the land in dispute except the 294 acres, nor to any other lands. The court did not err in refusing to permit the defendant to prove these facts, for the reason assigned that the evidence was material and pertinent to the issue, that neither the estate nor the administrator thereof was vested with the title to the land sued for, and that it had been conveyed by the intestate before his death.

3. Error is assigned because the defendant was not allowed to prove by a witness for the plaintiff, upon cross-examination, that the 294 acres tendered by the defendant to the plaintiff was worth much more in value than the 400 acres conveyed by the intestate to his daughter (Mrs. Ruth Phillips), part of which the plaintiff is seeking to recover in this case, in order to show the reasonableness of the difference in acreage. It was error not to permit the witness to testify as above set out. This evidence should have been submitted to the jury as throwing some light on the contention of the defendant that the 294 acres

tendered to the plaintiff constituted his fair share in value of the estate of the deceased.

4. It was error for the court to admit in evidence, after the case had been closed by the plaintiff, a diagram that the plaintiff drew, while on the witness-stand, of the 600 acres claimed by him, over the objection that it was not a proper paper to offer in evidence, and had not been proved as correct by anybody. *Parker* v. *Salmons*, 113 *Ga.* 1167 (39 S. E. 475); *Stiles* v. *State*, 113 *Ga.* 700 (39 S. E. 295).

5. Grounds 5, 6, 7, 8, 9, and 10 are substantially the same as the general grounds, and are without merit.

6. In view of the general charge of the court, the error assigned in the 11th ground of the motion for new trial is without merit. The court had substantially charged the jury the substance of what it is alleged the court failed to charge. If a fuller charge was desired, a timely written request therefor should have been made.

7. Ground 12 of the motion for new trial is without merit.

8. As the case goes back for another trial, no opinion is expressed on the sufficiency of the evidence to support the verdict.

                 *Judgment reversed. All the Justices concur.*

           No. 4471. April 16, 1925.

Equitable petition. Before Judge Summerall. Tattnall superior court. June 20, 1924.

W. B. McArthur brought a petition against Mrs. M. J. McArthur as administratrix of the estate of M. D. McArthur. The defendant died pending the suit, and R. N. Odum was appointed and qualified as administrator upon the estate in her stead, and is now plaintiff in error. The allegations of the petition are substantially as follows: In the year 1894 plaintiff's father, M. D. McArthur, made a parol gift to the plaintiff of a certain tract of land containing about 600 acres, which is described in the petition; the plaintiff took possession of the land under the parol gift, relying thereon, and made permanent improvements upon the property; no deed was ever executed to plaintiff by M. D. McArthur, and his administratrix and administrator had refused to execute a deed. There was a prayer for specific performance of the parol gift. The defendant (who was the mother of the plaintiff) filed an answer in which it was admitted that she and her husband, the intestate, did give to the plaintiff a certain tract of land bounded approximately as set out in his petition; but it was averred that the land so given to the plaintiff consisted only of 294 acres. It was denied that the intestate ever gave to the plaintiff 600 acres of land, or any other land except the 294 acres, which was the property upon which the plaintiff made the improvements alleged to have been made by

him, and which place was known as the W. B. McArthur place. It was further averred that the intestate before his death had conveyed to other persons all of his lands adjoining the W. B. McArthur place, excepting only the 294 acres, and therefore that the defendant had no title which she could convey to the plaintiff, except the 294 acres. She tendered to the plaintiff the 294 acres, offered to make conveyance thereof, and prayed the court for direction to convey to the plaintiff that land and no more. On the trial a verdict was rendered in favor of the plaintiff, and a motion for a new trial was overruled.

*Robert W. Barnes* and *E. C. Collins,* for plaintiff in error.
*A. S. Way, E. J. Giles,* and *H. H. Elders,* contra.