### ROUNTREE *et al.*, executors, *v.* GREEN *et al.*

1. Under the pleadings and the evidence the jury were authorized to find for the plaintiffs the land in controversy.
2. Error is assigned on the following charge to the jury: "The court instructs you that you will find in favor of the plaintiff in the case, unless you find the right of the plaintiff to recover was and is defeated by one or more of the defenses urged by the defendants." Both plaintiffs and the defendants claim under the deed from Benjamin I. Smith to John H. Parker and J. M. Harris as trustee for his wife, Mary Harris (Parker and Harris, trustee, being tenants in common) to the 935 acres thereby conveyed. The defendants claim under a deed made by the United States marshal to A. J. Rountree, their testator, conveying the entire tract conveyed by the deed from Smith to Parker and Harris, trustee. By the said purchase at marshal's sale Rountree got only such title in the entire tract as Parker owned. The plaintiffs introduced evidence showing a partition of this land between Parker and Harris as trustee, before the marshal's sale. Under this partition the lands in dispute fell to Harris, trustee for his wife and children. Under this proof plaintiffs made out a prima facie case which entitled them to recover. The charge complained of in this ground in effect so instructed the jury, and that the burden was thus cast upon the defendants to show title in themselves superior to that of the plaintiffs. In this view this instruction is not erroneous.
3. Ground eight of the motion for new trial complains that the court erred in failing to give in charge to the jury the following: "A parol agreement between coterminous proprietors that a certain line is the true dividing line is valid between them, if the agreement is accompanied by possession to the agreed line, or is otherwise duly executed, and if the boundary line between the two tracts is indefinite, unascertained, or disputed." The failure to charge the above was not error, as it was not adapted to the pleadings and evidence in the case.
4. Other grounds of the motion for new trial are without merit, and the court did not err in refusing a new trial.

No. 5788. SEPTEMBER 7, 1927.

Ejectment. Before Judge W. E. Thomas. Brooks superior court. November 9, 1926.

*Stanley S. Bennet* and *Sam T. Harrell*, for plaintiffs in error.
*M. Baum* and *Branch & Snow*, contra.

---

Ejectment, 19 C. J. p. 1151, n. 4; p. 1154, n. 36; p. 1155, n. 37; p. 1178, n. 30; p. 1199, n. 33; p. 1202, n. 57.

Trial, 38 Cyc. p. 1613, n. 16; p. 1707, n. 98.

HILL, J. This is the second appearance of this case in this court. 155 *Ga.* 1 (116 S. E. 116). Upon the first trial, after evidence had been introduced by both parties, the court directed a verdict in favor of the defendants. This court reversed that judgment, on the ground that there were issues of fact to be passed upon by a jury. This was an action in ejectment brought by the plaintiffs, Mary E. Green et al., against S. S. and D. W. Rountree, executors of A. J. Rountree, to recover about 138 acres of land in four parcels, each parcel being described in the petition. The plaintiffs in error claim the land in controversy by prescription under color of title and thirty years possession. It appears from the record that on November 15, 1870, Benjamin I. Smith executed and delivered a deed to John H. Parker and J. M. Harris, trustee for his wife, Mary Harris, conveying, for a consideration of $7500, nine hundred and thirty-five acres of land in lots 484, 485, and 529 in the 12th district of Brooks County. On December 2, 1878, the judge of the superior court of Brooks County signed a decree dividing the above 935 acres of land between John H. Parker and J. M. Harris, trustee. This decree was rendered in a case brought by J. M. Harris, trustee for Mary E. Harris and her children, against John H. Parker, praying for partition. John H. Parker acknowledged service on this petition, and agreed to the partition as made by the commissioners appointed to make the division, and agreed that the decree approving the division might be signed by the judge of the superior court in vacation, which was done. The evidence shows that the land sued for was a part of the land set apart to J. M. Harris as trustee for his wife, who at the time of the institution of the present suit was dead; and the plaintiffs are the heirs at law of Mary E. Harris, the wife of J. M. Harris. It also appears from the evidence that on January 18, 1881, John H. Parker executed and delivered a power of attorney to A. J. Rountree, the father of the plaintiffs in error, which was duly recorded in the clerk's office of Brooks County on January 14, 1889. The power of attorney constituted A. J. Rountree the attorney for John H. Parker, and authorized him to sell, lease, or otherwise dispose of the land which was set aside to John H. Parker by the decree of the court in the partition proceeding. This power of attorney was in the possession of the heirs of A. J. Rountree, and was produced by them on the trial of the present

case. It is inferable, therefore, that they had notice of whatever it contained. The evidence also discloses that John H. Parker went into possession of the land which was set aside to him, and J. M. Harris and his children, the plaintiffs in this case, went into possession of that part of the land set apart to them. Mrs. Mary Green, one of the plaintiffs, testified as to the names of the children of Mary E. Harris, her mother, etc.; that at the time of her mother's death, J. M. Harris, Ina Adams, her brother and sister, and Mary E. Green, were all living; that she was born in 1870, and that her sister, Mrs. Ina Harris Adams, the mother of certain other plaintiffs, was older than she was. The above and other evidence introduced was sufficient to make out a prima facie case for the plaintiffs, who were claiming under the common grantor, Benjamin I. Smith; their claim of title being from Benjamin I. Smith to John H. Parker and J. M. Harris, trustee for Mary E. Harris, who is dead, and a division of the land between Parker and the plaintiffs, and possession by John H. Parker and the plaintiffs of their respective shares.

As stated above, the defendants claim the land in controversy by prescription under color of title. They offered, in support of their claim, a deed from Edward C. Wade, United States marshal, to A. J. Rountree, the father of the plaintiffs in error, dated May 25, 1885, conveying all the land described in the deed from Benjamin I. Smith to John H. Parker and J. M. Harris, trustee, etc., this deed being made by virtue of the sale of the land by U. S. marshal as the property of John H. Parker. Plaintiffs in error also introduced in evidence a certified copy of a petition brought by J. M. Harris, Inez Harris, and Mary E. Green, in the superior court of Brooks County, filed October 12, 1900, in which they alleged that there had been no division of the land, and that A. J. Rountree had purchased the interest of John H. Parker in the land at a United States marshal's sale in Savannah, and that John H. Parker and J. M. Harris, as trustee for his wife, had held the land as tenants in common; and prayed a division thereof. This petition for partition was filed after the death of Mary E. Harris, and after the death of J. M. Harris, and at a time when Mrs. Mary E. Green and Mrs. Inez Adams were both living and were over twenty-one years of age. So far as appears, J. M. Harris had no interest in

the land and was no longer trustee, and had no authority to represent Mrs. Green and Mrs. Adams. The record shows that on the trial Mrs. Green testified that when the petition of 1900 was filed, her sister, Mrs. Adams, was living in Florida; that she was living in Pavo, Georgia, Thomas County; that neither of them had any notice or knowledge of the petition; that they did not employ a lawyer to file the petition, and knew nothing of their relative rights in the land. The petition was filed by an attorney of Quitman, whose name was attached to the petition, and who testified that he had no recollection of who employed him, and that he had no recollection of the partition proceedings, but thought that J. M. Harris employed him, and he had no recollection of having seen Mrs. Green or Mrs. Adams in connection with the case. Mrs. Green also testified that she had no knowledge of the case until her attention was called to it recently. The record also discloses that the power of attorney from John H. Parker to A. J. Rountree was found among the papers of A. J. Rountree after his death, and was produced by the plaintiffs in error at the trial of the present case. The power of attorney recited that there had been a partition of the land in controversy. So it necessarily follows that A. J. Rountree had notice and knowledge of the partition, and, as attorney for John H. Parker, he also had this notice and knowledge; and neither A. J. Rountree nor those holding under him could hold adversely to the plaintiffs, so as to make their possession the basis of prescription, for prescription to be the basis of recovery must be in good faith and without notice of adverse title.

From what has been said above, and from the pleadings and evidence in the case, the jury were authorized to find in favor of the plaintiffs and against the defendants for the land in controversy. None of the other headnotes require elaboration.

*Judgment affirmed. All the Justices concur.*