19179. GEORGIA FERTILIZER COMPANY v. FOSTER.

STEPHENS, J. 1. Since a mere general denial, in a plea sworn to by a defendant, of a paragraph in a plaintiff's petition in which the plaintiff alleges that he is the owner of choses in action sued on, and that they had been transferred by a written assignment executed by a named corporation, who was their original owner, to named assignees, who afterwards, by a written assignment had assigned them to the plaintiff, would be a sufficient denial, as required in section 4299 of the Civil Code of 1910, of the genuineness of the assignment, as was held in *Carter* v. *Haralson*, 146 *Ga.* 282 (3) (91 S. E. 88), and since an amendment to a petition requires no plea of denial by the defendant, and can be met by the introduction of evidence by the defendant, in the absence of a plea denying the allegations in the amendment, a plea by the defendant denying generally an allegation in the petition which alleges merely that the plaintiff was the holder and owner of the choses in action sued on is, where the plaintiff has afterwards amended the petition by elaborating upon this allegation and alleging that the choses in action had been transferred by a written assignment executed by a named corporation, which was their original owner, to named assignees, who afterwards, by a written assignment had assigned them to the plaintiff, is sufficient, in the absence of other pleadings, to authorize the introduction of evidence offered by the defendant tending to deny the validity of the first assignment as alleged in the amendment to the petition, upon the ground that the corporate charter of the assignor had expired before the making of such assignment. Notwithstanding the absence of a special plea denying the validity of the assignment, evidence that the assignment was invalid for the reasons stated was relevant to the issues made by the pleadings, and the court did not err in admitting it.

2. The rule which estops a person who has dealt with a corporation from denying its corporate existence has reference only to a denial that when he dealt with the alleged corporation it was a corporation, and has no reference to his denial of its corporate existence at a later time. The fact that the chose in action sued on arose out of a contract which the defendant had with the corporation, purporting to be the assignor of the chose in action, does not estop the defendant from asserting that at a later date the charter of the corporation expired, and that the corporation at that time could not execute a valid and legal assignment of the chose in action.

3. The evidence demanded the finding that by reason of the invalidity of the assignment, the plaintiff had no title to the choses in action sued on, and the judgment rendered by the trial judge, in passing upon both law and facts, was authorized; and since no error appears, the judgment must be affirmed.

4. Since the evidence introduced by the plaintiff made a prima facie case for the plaintiff, and since the plaintiff's prima facie case was overcome only after the introduction of evidence by the defendant, and since the judge, after announcing that he would take the case under ad-

visement on the question as to the validity of the assignment, held the case under advisement about six weeks before rendering a judgment, and did not enter judgment until sometime after he had announced to the defendant's counsel what the judgment would be, and since the plaintiff made no motion for a nonsuit or to dismiss the case before the judgment was rendered, this court will affirm the judgment, and will refuse to direct that it be modified and that a judgment of nonsuit be entered. *Williams* v. *Farmers State Bank*, 22 *Ga. App.* 656 (4) (97 S. E. 249). *Judgment affirmed. Jenkins, P. J.; and Bell, J., concur.*

DECIDED OCTOBER 5, 1929.

*Branch & Snow,* for plaintiff.

*Franklin & Langdale, H. C. Eberhart,* for defendant.