33396. BYROM *v.* RINGE.

Decided February 1, 1951.

*Poole, Pearce & Hall, Edwin Pearce, W. L. Bryan,* for plaintiff in error.

*Alston, Foster, Sibley & Miller, William B. Spann Jr.,* contra.

TOWNSEND, J. (After stating the foregoing facts): ■ Code § 81-103 states in part as follows: "Any averment distinctly and plainly made [in a petition] which is not denied by the defendant's answer shall be taken as prima facie true, unless the defendant shall state in his answer that he can neither admit nor deny such averment because of the want of sufficient information." Code § 81-308 states as follows: "Where facts are charged to be within the knowledge of a party, or where from all the circumstances such knowledge is necessarily presumed, and he fails to answer altogether, or makes an evasive answer, the charge is to be taken as true." It is contended by the defendant that the checks sued upon do not appear on their face to belong to the plaintiff, there being no written assignment from the law firm to the plaintiff, and that the defendant, not being a party to any transfer of the checks from the law firm to the plaintiff individually, had no means of knowing whether or not such a transfer had in fact taken place so as to make the plaintiff the owner of the checks as alleged, this being peculiarly within the plaintiff's knowledge. The defendant therefore contends that, under Code § 81-103, he had a right to neither admit nor deny, for lack of information; that he did so, demanding strict proof; that this created an issue of fact, for which reason it was error for the trial court to strike the entire answer. This contention is sound. Where a fact is peculiarly within the knowledge of the opposite party, the pleader may refuse to admit or deny for lack of information, and demand proof of such allegation. Such an answer is not demurrable. *Green* v. *Roun-*

*tree*, 155 *Ga.* 1 (1) (116 S. E. 116). Nor does it amount to a plea of the general issue. In *Wardlaw* v. *Chattanooga Savings Bank*, 31 *Ga. App.* 749 (121 S. E. 871), paragraphs merely denying the allegations of the petition were held to be a mere plea of the general issue, presenting no defense, but in that case the petition did not allege that the plaintiff was the transferee of the note sued on, in consequence of which the denials of the allegations of the petition did not constitute a denial of any transfer, or of the plaintiff's right to sue based on this ground. The amendment offered by the defendant also "did not deny that the plaintiff was the lawful and bona fide holder of the note," as the court pointed out, and for that reason failed to set up any issuable defense and was properly stricken. On the other hand, it is stated in *Georgia Fertilizer Co.* v. *Foster*, 40 *Ga. App.* 436 (149 S. E. 812) that "a mere general denial, in a plea sworn to by a defendant, of a paragraph in the plaintiff's petition in which the plaintiff alleges that he is the owner of choses in action sued on, and that they had been transferred by a written assignment executed by a named corporation, who was their original owner, to named assignees, who afterwards, by a written assignment had assigned them to the plaintiff, would be a sufficient denial, as required in section 4299 of the Civil Code of 1910 [§ 20-805, Code of 1933] of the genuineness of the assignment." Although Code § 20-805 is based on an act referring expressly to assignments in writing, there is nevertheless no good reason for distinguishing between an allegation of ownership and an allegation of ownership based on a written assignment. Paragraph 11, alleging that the plaintiff was the owner of the checks, was not demurred to and that question is not before us. The answer to paragraph 11 was equivalent to a denial, under Code § 81-103, and a sworn denial of the assignment or ownership of the instrument is sufficient to place this fact in issue and put the plaintiff upon his proof. Accordingly, the trial court erred in striking so much of the answer as demanded strict proof of the plaintiff's ownership of the note. If the plaintiff was not the owner, payment by the defendant would have been no defense against another suit by the true owner. *Carter* v. *Haralson*, 146 *Ga.* 282 (91 S. E. 88).

■ It is noted that the plaintiff here took the checks sued

upon with notice and after dishonor, and for this reason the defendant may plead any defense against Ringe which would be a good defense if urged against the law firm of which Ringe was a member. The plaintiff contends, however, that the transactions which the defendant seeks to set up as entitling him to affirmative relief, even if they were a valid setoff, which is denied, are barred by the statute of limitations. The defendant contends that he is seeking to recoup damages growing out of the same contract—the contract of employment of the attorneys to represent him in Mexico—and, this being the case, he is entitled to set up any matter under the same contract upon which the plaintiff sues. It has frequently been held that as long as a plaintiff has the legal right to sue upon a contract the defendant has a correlative right to defend, and the plaintiff cannot insist upon the statute of limitations in order to avoid the defendant's defense, although a part of the contract may be oral and another part of the same contract in writing, so that, if they were different contracts, different statutes of limitation would apply. See *Swindell* v. *Bainbridge State Bank,* 3 *Ga. App.* 364, 371 (60 S. E. 13); *Morrow* v. *Hanson,* 9 *Ga.* 398 (54 Am. D. 346). Ordinarily the difference between recoupment and setoff is of little importance. ' The scheme of the Code is to recoup where both parties rely on the same contract, and set off where they urge different contracts. *Fontaine* v. *Baxley,* 90 *Ga.* 416, 427 (17 S. E. 1015); Code, §§ 20-1311, 20-1312. Where the plaintiff sues on one part of a contract consisting of mutual stipulations made at the same time and relating to the same subject-matter, the defendant may recoup his damages arising from the breach of that part which is in his favor. *Mell* v. *Moony,* 30 *Ga.* 413; *Alpharetta Feed Co. Inc.* v. *Cocke,* 82 *Ga. App.* 718, 727 (62 S. E. 2d, 642). In a plea of recoupment the averments must be as full and clear as though they were set up in the original demand. *Atlanta Glass Co.* v. *Noizet,* 88 *Ga.* 43, 45 (13 S. E. 833).

Considering these rules of law, it must. be decided whether the defendant in his cross-action in this case has set up, as fully and distinctly as though he had brought the proceedings in the first instance, a contract between himself and the plaintiff's law firm providing for mutual stipulations or independent covenants,

one of which, in order to withstand the demurrer, must be to the effect that in consideration of the employment of the plaintiff's law firm by the defendant, they not only agreed to set up a corporation, execute and record a certain contract, and represent the defendant in any of the other ways stated in the petition, but also that they would cash his checks and thus keep him supplied with funds necessary and incident to the carrying on of his business ventures. Otherwise, although their action in cashing his checks at his request might have been a reasonable and logical result of their association together, it was certainly no part of their contract of employment. And if the law firm violated its contract of employment by conspiring with the opposite party in this business venture to defraud the defendant, as alleged, and such matter might sustain a cause of action or be set off against demands of the plaintiff, such a situation would not, unless arising under the same contract, act to toll the statute of limitations. For example, if the firm of Basham, Ringe and Correa had sued the defendant for attorney fees on a note given by the defendant to them, he would have had a right, regardless of the time element, to set up matter of defense such as he attempts to plead here. It is true that there are certain phrases scattered through the answer which, if construed *favorably* to the pleader, might tend to support his view, such as that one of the things the law firm was to do in its relationship with the defendant was to give financial assistance "of the type set out in plaintiff's petition," that the transactions "grew out of and were part of" the arrangement between the parties, that they were not isolated transactions but a part of continuous activities in connection with the operation of the corporation; that the defendant had given over 30 checks to the law firm in excess of $25,000 in addition to the checks sued on, and that the proceeds of these checks were used for expenses in connection with the timber-cutting venture, attorney fees and so forth; that the proceeds were used "in connection with said corporation and said venture in the manner described above." This pleading, in connection with the other allegations, is equivocal, and when construed unfavorably to the pleader says no more than that during the course of the relationship and transactions between them the law firm cashed a number of checks for the defendant,

who used the proceeds for expenses in connection with the business in regard to which he had retained them (but which was nevertheless his own personal business), that the proceeds of some of the checks, but not the ones sued upon, were used to pay attorney fees, and that there was a general arrangement between the parties in the course of these transactions as a result of which the law firm cashed a number of his checks. It is nowhere stated that as a part of the contract of employment the law firm agreed to cash its client's checks for him, or that any specific amount of money, or time for demanding or obtaining it was ever contemplated. It does not appear that if the law firm had found itself at any time unable to cash one of the checks presented by the defendant this would have constituted a breach of the contract of employment. The law firm might well have cashed the defendant's personal checks *because of* the existence of the contract, although not obligated to do so *under its terms*. The doing of an independent act, even though the act would not have been done except for a 'contract between the parties, does not constitute a performance under the contract. *Smith* v. *Davidson*, 198 *Ga.* 231, 238 (31 S. E. 2d, 477) ; *Lamons* v. *Good Foods Inc.*, 195 *Ga.* 475 (24 S. E. 2d, 678). No contract is set out anywhere in the cross-action which, strictly and reasonably construed, showed any obligation on the part of the law firm to cash checks for the defendant at his demand. This being so, the checks themselves constitute a contract independent of the contract of employment, although undoubtedly arising as a result of it, and the plea is properly one of setoff and not of recoupment. The demands set up in the cross-action show that they arise under an oral contract, on which the statute of limitations is four years. The contract which the defendant signed and left with the law firm to complete and record was executed by him in October, 1942, and the contract of employment was apparently breached at that time, or soon thereafter, when the law firm failed to complete and record it according to the defendant's instructions. The allegations as to time are generally vague and indefinite, but the defendant alleged that approximately a year thereafter he returned to Mexico "to confront the said plaintiff and bring out the truth of the facts," and learned for the first time the truth of the activities of the law

244

firm and the plaintiff with reference to the execution and recording of this contract. The petition was filed on December 2, 1948, more than six years after the defendant signed the contract and more than five years after he returned to Mexico and had a showdown with the attorneys.

The statute of limitations is applicable to a plea of setoff. *Brown* v. *Winship*, 20 *Ga.* 693, 695; *Brewer* v. *Grogan*, 116 *Ga.* 60 (42 S. E. 525); *Finney* v. *Brumby*, 64 *Ga.* 510 (1); *Mobley* v. *Murray County*, 178 *Ga.* 388 (173 S. E. 680). Accordingly, the matter set up in the cross-action was barred by the statute of limitations and the trial court did not err in sustaining the general demurrer on this ground.

■ Error is assigned on the action of the trial court in refusing to allow an amendment offered after the general demurrer had been sustained. The amendment so disallowed is not a part of the record and is not set out in the bill of exceptions. Accordingly, this presents no question for decision by this court, but, as the case is reversed because the trial court erred in striking the defendant's answer in its entirety, the defendant may, after the return of this remittitur, properly present an amendment to the court for allowance if he so desires.

The trial court erred in striking the answer of the defendant to the plaintiff's petition. The trial court did not err in striking paragraphs 10 through 51 of the defendant's pleading containing his plea of setoff.

*Judgment reversed in part and affirmed in part. MacIntyre, P.J., and Gardner, J., concur.*