Maples *vs.* Hoggard.

ISRAEL MAPLES, plaintiff in error, *vs.* WILLIAM H. HOGGARD, defendant in error.

| 58 | 315 |
| e126 | 39 |

1. A survey made by others than the county surveyor, is not admissible in evidence, unless proved by the parties who made it; the affidavit of such persons on the survey is not sufficient proof, and such affidavit, the persons making it not being sworn as witnesses in the pending trial, cannot be received as evidence of anything on that trial.
2. A verdict must be for the plaintiff or defendant, and it must cover the issues made by the pleadings—Code, §3559. Therefore, a verdict for one defendant against another defendant, there being no pleadings or altercations in the case between them, is void, especially when there is no verdict at all for the plaintiff against either, though the sole issues submitted were between the plaintiff and the defendants.

Evidence. Verdict. Before Judge WRIGHT. Mitchell Superior Court. May Term, 1876.

Reported in the opinion.

DAVIS & LYON, for plaintiff in error.

B. B. BOWER, for defendant.

JACKSON, Judge.

Maples sued Hoggard and another, named M. D. Poore, as indorser. The jury found a verdict for Hoggard for $300.00 against Poore. Maples moved for a new trial, the court refused it, and Maples brought the case to this court.

On the trial of the case, it appeared that the note sued on was for eighteen hundred dollars, for a tract of land sold by Poore to Hoggard, on the condition that if the land fell short of three hundred and sixty-nine acres, a deduction should be made *pro rata* for the deficiency of acres, to be ascertained by a survey. Poore indorsed the note to Maples.

1. On the trial, Hoggard tendered in evidence a survey

showing a deficiency of some sixty acres of land, with the affidavit thereon of two persons who surveyed it, neither being the county surveyor. Maples objected on the ground that the two persons were not sworn as witnesses, to be cross-examined touching the survey, and that their mere affidavit on the survey was no evidence at all in the case. The court overruled the objection, and admitted the survey. We think that the court erred. The testimony went to the vitals of the case. Neither of these surveyors was an officer of the court or of the county, and they should have verified the survey as any other witnesses by being put on the stand, or sworn by interrogatories. Their affidavit was no evidence in the pending case.

2. Moreover, the verdict was wholly wrong. It might have been intended for the plaintiff against Poore for the money, but it does not say so. It reads: "We, the jury, find for the defendant, W. H. Hoggard, three hundred dollars, principal, with interest from first day November, 1874, against M. J. Poore, indorser." It is possible that they meant to find for Hoggard, and for plaintiff against Poore; but they do not say so, and no court can so construe the verdict without making one out and out. The Code, section 3559, settles the case. There are no pleadings to authorize such a verdict, and it is not for plaintiff or defendant. It must be set aside, and the new trial must be granted.

Judgment reversed.