Gardner et al. vs. Donalson.

---

GARDNER *et al. vs.* DONALSON.

1. The chancellor did not abuse his discretion in granting the injunction.

2. As the tax-collector, whether unreturned land be wild or improved, has power to issue execution against it for taxes, it would seem that a sale is not void because of a misdescription of the land as wild when in fact it was improved.

March 3, 1888.

Taxes. Sales. Injunction. Before Judge BOWER. Decatur county. At chambers, January 21, 1888.

Donalson filed his bill against defendants to enjoin trespassing on land, alleging that he had the title to and was in possession of it; that it was mostly wild, with but forty acres cleared, and it was valuable chiefly on account of the timber thereon; that defendants entered and were engaged in cutting timber, to petitioner's damage; and that they were insolvent. They answered, asserting title and possession in themselves, in good faith, as heirs at law of S. E. Gardner, under whose widow they held, she being tenant in dower and also one of the heirs at law; that S. E. Gardner owned and occupied the land from 1858 to his death on November 29, 1885, by purchase from James Thomas, whose bond for titles he held, which bond is now lost, and had about forty acres in cultivation, on which some of his family, with the consent of his widow after his death, made crops; that complainant has no lawful title, but only a sheriff's deed under a wild land tax sale, occur-

ring while the lot was, with the knowledge of complainant, improved and in possession of defendants and others of S. E. Gardner's family; and that complainant has been a continued trespasser on the land since the tax sale, despite warnings to keep off, and has refused, when challenged, to bring his action of ejectment to settle the question of title.    By way of cross-bill, it is charged that complainant is trying to possess himself of defendants' property under a void title; that it is not wild but improved land, and in the possession of defendants; that soon after obtaining a restraining in this case, he went thereon and commenced to cut timber; and that he is insolvent; and it is prayed that he be enjoined from further trespassing.

On the hearing, the complainant introduced a tax execution issued and levied March 6, 1884, directing the sheriff to levy upon and sell the lot as wild land for taxes of 1883, with entries of costs, and of sale on July 1, 1884, for $100, to complainant; together with recorded deed thereunder from the sheriff.    Also affidavits to show purchase in good faith, quiet taking of possession after the expiration of two years without redemption, making of improvements, exercise of acts of ownership, and payment of taxes thereon; also admissions by defendants that they had no title, and as to cancellation of the bond for title under which S. E. Gardner held, yielding of possession by them, and subsequent trespasses, etc.; also solvency of complainant, with denial of allegations of the cross-bill; etc.

Respondents submitted affidavits sustaining the allegations of their answer; denying that they had admitted that they had no title, or yielded possession, or that the bond for titles had been cancelled, though it was lost; and otherwise conflicting with the evidence of complainant.

The chancellor enjoined the defendants from further interference with the land, and the complainant from cutting timber from it except to make improvements

thereon; and required of him a bond of $200, conditioned to pay defendants all damages, etc., if they should recover the land. Defendants excepted.

DONALSON & HAWES and D. A. RUSSELL, for plaintiffs in error.

TOWNSEND & HARRELL and O. G. GURLEY, *contra.*

BLECKLEY, Chief Justice.

1. The court granted an injunction against Gardner upon terms; and we think there was no abuse of discretion in so doing.

2. It is contended that Donalson's title, derived from a tax sale, was worthless, because the land was taxed and sold as wild, when in fact it was improved. We are not prepared to say that it was invalid. The land, though improved, was seized and sold as wild land, being unreturned. If the sale had been under an execution issued by the comptroller-general, it would, as ruled in 73 *Ga.* 95, and as indicated in 64 *Ga.* 121, have been a void sale. But the powers of a tax-collector are quite different from those of the comptroller-general, in relation to issuing executions for the collection of taxes. By section 897 of the code, it is made the tax-collector's duty to issue executions against all unreturned property; and the act of 1882–3, pamph. p. 47, gives him like power in respect to wild lands as those which he has by the general laws. Here he merely misdescribed this land as wild, and that misdescription, it seems to us, would not render his process or the sale under it, void. He had equal power over both classes of land, when unreturned. There is at least doubt enough about the matter to render it proper that the question should be held up for final decision on the trial of this bill.

Judgment affirmed.