## PARKER, executor, *v.* SALMONS.

LITTLE, J.    1. While a party may not lawfully give evidence in his own favor, in a suit wherein the personal representative of one deceased is the opposite party, as to transactions or communications which the living party had with the deceased, yet the evidence of such party as to independent facts, knowledge of which was not derived from transactions or communications with the deceased, is admissible.    In an action by the owner of land to recover rent, brought against an executor, evidence by the plaintiff to the effect that the testator was in possession and cultivated the land, is admissible.    *Gomez* v. *Johnson*, 106 *Ga.* 515, and cases there cited.

2. In an action brought by one as the owner of land, for the rent thereof, against the executor of her deceased father, evidence offered by the executor to the effect that, prior to the testator's death, he placed the plaintiff on another and distinct tract of land, and allowed her to hold and occupy it as her home and receive the profits thereof, is not, standing alone, admissible.    Nor is evidence that the testator, on a given date, conveyed other land to the plaintiff for the consideration of love and affection, relevant or admissible.

3. It was erroneous to admit in evidence a plat purporting to be a division of certain land, together with a writing entered thereon by apparently a private person, being in effect a certificate from such person, identifying it as certain land described in a deed, without proof of the correctness of the plat.    As, however, such a plat is immaterial to the issues in an action to recover rent of land where title is not in question, such error does not authorize a verdict in favor of the plaintiff to be set aside and a new trial granted.

4. An amendment to an imperfect plea of plene administravit præter, which was not demurred to, setting up that the estate would be insolvent if the plaintiff had judgment against it, and averring that the necessary expenses of administration, and the year's support of the widow, being claims and debts superior to the debt of the plaintiff, would consume the assets of the estate, should have been allowed ; but, in view of the verdict which was returned and of the judgment rendered thereon, which, when properly construed, is a judgment quando acciderint and not a judgment de propriis, such error will not cause a reversal of the judgment.

5. When an equitable petition is instituted by an executor, seeking to enjoin a defendant from erecting buildings on a certain tract of land, the fact that the title thereto is a matter for adjudication, by reason of the answer of the defendant averring that title to the land is in her, does not render the action such a suit in ejectment as will bar the defendant, after title has been adjudicated to be in her, from instituting her separate action against the executor to recover rent alleged to have accrued prior to such adjudication.    The pro-

hibitory terms of the statute (Civil Code, § 4998) apply only to those persons who have as plaintiffs in a prior ejectment suit recovered possession. Hence, an amendment to a plea setting up an adjudication of title under a proceeding such as is first above indicated was properly overruled.

6. When to an action instituted against him an executor has filed a plea of plene administravit præter, and a judgment following the verdict against him does not authorize the seizure of the personal goods of the executor to satisfy the judgment, a reversal of such judgment will not be had for the failure of the trial judge to properly charge the jury in relation to the effect of their verdict, nor for the refusal to admit specified evidence going to show that there are other debts of higher dignity than that of the plaintiff, sufficient to absorb the entire estate in his hands.

7. There was no error in refusing to admit in evidence the will of the testator, as there was no question of the fact that plaintiff was the owner of the land to recover the rent of which the action was instituted.

8. A verdict finding a given sum against the executor, " to be paid out of any assets in the hands or that come into the hands of the executor to be administered on," and a judgment that the sums named in the verdict be levied of the goods and chattels, lands and tenements, of the deceased, in the hands of the executor, and of the goods and chattels, lands and tenements, that may come into the hands of the executor, belonging to the estate of the deceased, are not inconsistent. In no event is the judgment de propriis, and though irregular, and not framed according to the provisions of the statute, when construed with the pleadings and evidence, can not be held to be a conclusive finding of assets in the hands of the executor, and will stand only as a judgment quando acciderint.

9. There was no error in overruling the demurrer.

10. There was sufficient evidence to authorize the verdict rendered.

*Judgment affirmed. All the Justices concurring.*

Submitted June 20, — Decided July 24, 1901.

Complaint. Before Judge Reese. Hart superior court. December 14, 1900.

*A. G. McCurry*, for plaintiff in error.
*J. H. Skelton* and *O. C. Brown*, contra.