LEWIS *v.* CARR, administrator.

No. 9665.   OCTOBER 12, 1933.

*W. G. Warnell* and *Harold Warnell,* for plaintiff in error.
*J. P. Dukes,* contra.

HILL, J.   James Walton Carr, individually and as executor of the estate of Hattie Carr, brought suit for specific performance against Z. Lewis, alleging that plaintiff's father during his lifetime purchased from Z. Lewis, on December 8, 1913, a described tract of land, paying therefor $3 per acre; that his father went into immediate possession of the land and remained in possession until his death, when his wife, Hattie Carr, took possession of the land and remained in possession until her death, devising the land to the plaintiff; and that the defendant failed to make title to the land,

although the purchase-price was fully paid. The prayers were that the defendant be required to make title to the land to plaintiff in compliance with his original agreement; and for general relief. By amendment the plaintiff struck the words "individually and as executor of the estate of Hattie Carr," and substituted therefor: "as administrator of the estate of James M. Carr, deceased." The defendant filed an answer and a cross-petition, averring that he refused to make title for the reason that the plat attached to plaintiff's petition is not the land bargained to be sold; that he and James M. Carr entered into a trade for certain land other than that sued for by the plaintiff; and that James M. Carr agreed to pay the defendant $425 therefor, but only paid $375, and the heirs at law of Carr or his legal representatives still owe defendant $50; and that defendant stands ready and willing to do equity by making title to whomsoever the court may direct upon payment of the balance of the purchase-price. The jury returned a verdict for the plaintiff for the 107 acres of land sued for. A motion for new trial was overruled, and the defendant excepted.

■ One ground of the motion assigns error in admitting in evidence, over objection, a map purporting to show the boundaries of the land in controversy, containing the following certificate: "This map truly delineates (107) one hundred and seven acres of land situated in the 1380 G. M. district Bryan County, Georgia. By agreement James M. Carr pointed out the lines in swamp. This September 9, 1930. W. B. Wall; R. L. Cone; Walton Carr, c.c., surveyor. Above survey in Bryan County, Ga. R. L. Cone." The assignment of error is that the plaintiff failed to lay the legal foundation for the introduction of the paper in evidence; that it showed on its face that it was unofficial, and its authenticity and correctness were not proved by the person making it, or any other witness qualified to show its correctness, except that J. Walton Carr testified that the plat represented the land purchased by his father from the defendant, and Joe Davis and William Wall testified that the plat represented the land run around by R. H. Cone, the surveyor; that it was made to appear that the surveyor who made the plat was dead, and no one else could or did testify as to its correctness; and that the plat was not made by the county surveyor of Bryan County. The plaintiff testified that he notified the defendant, on the day before the survey was made, that it would be made, and that the defendant

was present when the survey was made. One of the persons who participated in the survey testified as to the correctness of the plat. In *Bunger* v. *Grimm,* 142 *Ga.* 448, 452 (83 S. E. 200, Ann. Cas. 1916C, 163), it was said: "An unofficial survey is admissible in evidence when proved to have been correct by the parties who made it. *Maples* v. *Hoggard,* 58 *Ga.* 315. In principle it would seem to be immaterial whether the witness who proposes to testify to the correctness of the survey be the surveyor, or one who was present at the time the survey was made, if he offers to testify to the correctness of the survey."

■ There was ample evidence to support the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*