DURDEN *v.* KERBY *et al.*

No. 15681. JANUARY 9, 1947.

*Price & Spivey,* for plaintiff.   *I. W. Rountree,* for defendants.

JENKINS, Chief Justice.   ■   Error is assigned upon the admission in evidence of a certain plat, over the plaintiff's objection that no certificate was attached showing that it had been made by a surveyor or by whom it had been made, and that the document was prejudicial to the plaintiff because the jury was forced to consider it as a properly authenticated plat.

The Code, § 23-1112 (set forth in the first headnote), deals with surveys or plats of official origin, and when such surveys or plats conform to the provisions of that Code section, they are admissible as "presumptive evidence of the facts;" but unless a survey or plat

is of official origin and meets the requirements of the Code section mentioned, it carries no presumptive value as evidence of the facts, although, if verified by oral testimony, it is admissible as a part of and as illustrative of such oral testimony for whatever it may be worth. *Maples* v. *Hoggard,* 58 *Ga.* 315; *Bunger* v. *Grimm,* 142 *Ga.* 448, 450 (4) (83 S. E. 200, Ann. Cas. 1916C, 173) ; *Bower* v. *Cohen,* 126 *Ga.* 35 (4) (54 S. E. 918) ; *Parker* v. *Salmons,* 113 *Ga.* 1167 (3) (39 S. E. 475) ; *Acme Brewing Co.* v. *Central Ry. &c. Co.,* 115 *Ga.* 495 (5) (42 S. E. 8).

The above rule is in accord with the generally accepted practice of admitting plats or diagrams for whatever they may be worth; not as original, independent evidence, but on the theory that they are nothing more than verified pictorial representations of matters about which the witness has properly testified, and as being a desirable expediency by which to illustrate the witness's testimony as to the location of the land thus represented. *Brantley* v. *Huff,* 62 *Ga.* 532; *Napier* v. *Little,* 137 *Ga.* 240, 249 (3) (73 S. E. 3, 38 L. R. A. (N. S.) 91, Ann. Cas. 1913A, 1013) ; *Bradley* v. *Shelton,* 189 *Ga.* 698 (5) (7 S. E. 2d, 261). See generally, in this connection, 3 Wigmore on Evidence, §§ 790, 793.

In the instant case, Malcus Kerby testified with reference to the plat as follows: "This plat that is shown me by counsel is the land that I built the house on, and Mr. Durden (plaintiff) helped me to build it by hauling the lumber, and this is a plat of that piece of land. I don't remember why this plat was made; but it was made to show the tract of land. The plat was made shortly after the deed. This deed was made in 1897 or 1898 one, I don't remember. As for what purpose it was made, well, the old man wasn't satisfied at the amount of acres until he had it run out, so he could collect the price per acre for it. Now as to the fact in regard to this land that I bought under this deed from Steven Boyd—the fact is he deeded me the land and made me a deed, and he had it run out and gave me the plat, had the surveyor to make the plat."

It does not appear from the record that the plat bore no notation or other data which would indicate that it was official in character; and it will be readily observed from the above-quoted testimony that the plat was not offered as an official document, but on the contrary was specifically designated as being of private origin. Since the plaintiff objected to the plat solely on the ground that it failed

to meet the requirements of an official plat, and since it is not made to appear from the record that the court admitted the plat for any purpose other than to be considered by the jury, for whatever it may have been worth, together with and as illustrative of the defendant's oral testimony, the verdict and judgment are not subject to be set aside on the exception taken.

■ Exception is taken to the following portion of the charge of the court: "That this is the whole crux of the case. Did Mary Connell have title in 1905? Did she hold under a deed and did that deed embrace this particular tract of land, and if she had title and her deed covered it, Mr. Durden can recover. If she did not, then he can not recover." As is shown by the statement of facts, the issues made in this case included not only the question as to whether or not the plaintiff was entitled to recover under his deed from Mary Connell, but also whether or not he was entitled to recover under the theory of possession for seven years under color of title, or under the theory of prescriptive title by adverse possession for twenty years. An examination of the charge shows that an instruction very similar to the one excepted to had been given in a previous portion of the charge, immediately after which the court used this language: "I charge you also that under the law of prescription a person may have title by prescription, there are two kinds"—the judge then going on to explain prescriptive title. While it might properly be said that the previous instruction was cleared up by the instruction given immediately following and in connection therewith, it appears that the language which was used later, and which forms the basis of the exception, was in no way thereafter qualified, and being both emphatic and all-inclusive, in that it stated that the proposition of law then set forth constituted the "whole crux of the case," we think that the jury might reasonably have been unintentionally misled so as to deprive the plaintiff of the benefit of his other contention.

*Judgment reversed. All the Justices concur.*