GEORGIA POWER COMPANY *v.* GREEN.

No. 17192. SEPTEMBER 11, 1950.

252

*Hardin & McCamy*, for plaintiff in error.
*Mitchell & Mitchell*, contra.

DUCKWORTH, Chief Justice. ■ A paper purporting to be a map showing a subdivision of land into lots and streets is admissible if made by an officer authorized to make a survey, or if there is evidence of its genuineness and correctness from the person who made it, or other reliable source. *Bower* v. *Cohen,* 126 *Ga.* 35 (54 S. E. 918); *Bunger* v. *Grimm,* 142 *Ga.* 448 (83 S. E. 200); *Lewis* v. *Carr,* 177 *Ga.* 761 (171 S. E. 298); *Durden* v. *Kerby,* 201 *Ga.* 780 (41 S. E. 2d, 131). The "other reliable source" of such proof may be any person who supervised the

survey and who testifies that it is genuine and correct. On this point it was said in *Bunger* v. *Grimm,* supra, p. 452: "In principle it would seem to be immaterial whether the witness who proposes to testify to the correctness of the survey be the surveyor, or one who was present at the time the survey was made, if he offers to testify to the correctness of the survey." What has just been said with reference to the map or plat applies likewise to a blueprint of the same, where the witness testifies that, although he did not make it, he was present when it was made and that it is correct. The plat or survey of the right of way referred to in the deed to the defendant and the blueprint thereof, together with the testimony of the witness who was present when they were made, were material evidence for the defendant, and the court erred, as contended in the first special ground of the motion for a new trial, in excluding them. There is nothing contrary to what we have just ruled in either of the following cases relied upon by counsel for the defendant in error: *Maples* v. *Hoggard,* 58 *Ga.* 315; *Bower* v. *Cohen,* supra; *Mickle* v. *Moore,* 188 *Ga.* 444 (4 S. E. 2d, 217). In the first of these cases, it was merely held that the paper was inadmissible because the only attempt to prove its correctness was by an affidavit, which was inadmissible. In the second case, after saying that such proof must be made by the person who made it, the court further said, "or other reliable source." And in the third case, the plat was held inadmissible because the witness whose testimony was relied upon to prove its correctness admitted that she did not know where the boundary lines were and had never been to the back side of the land.

■ A plat of West Antioch Subdivision in land lot 278, 12th district and 3rd section of Whitfield County, Georgia, made by R. E. Smith, all of which appears on the face of the plat, was not inadmissible because of indefiniteness, in that it failed to show the original lines of said lot 278. The plaintiff's deed referred to this plat, which was recorded, for a description of lots conveyed to him, and they are shown on the plat. The subdivision is designated, and the original lines would add nothing material to the plat. The court did not err, as contended in the second special ground, in admitting the plat over the objection of the defendant that it was too indefinite. *Hardy* v. *Brannen,* 194

·*Ga.* 252, 254 (21 S. E. 2d, 417) ; *Deaton* v. *Swanson,* 196 *Ga.* 833 (28 S.·E. 2d, 126).

■ The sole relief sought by the pleadings, as amended at the time of the trial, was the defendant's prayer that the al- leged nuisance created by the plaintiff's buildings upon the defendant's right of way be abated by injunction. The court correctly charged the jury that, if they found that the buildings constituted a nuisance, they should return a verdict for the defendant. The provision of Code § 55-110 ("An injunction may only restrain; it may not compel a party to perform an act. It may restrain until performance.") was also given in the charge, and the third special ground excepts to the portion of the charge which embraced this Code section. The complaint is meritorious. There was no prayer for the removal of the buildings but rather that the plaintiff be enjoined from maintaining the nuisance. A previous ruling denying a motion to strike the defendant's pleadings seeking this relief became the law of the case and entitled the defendant to the injunctive relief prayed for if the jury found it had proven the case as pleaded. A proper construction of the Code section is, that an injunctive order to remove a house or perform other affirmative acts may not be issued without statutory authorization, and the section should be given in a charge only where such a judgment is sought. It was confusing, prejudicial, and erroneous to charge it here, for the jury might easily have concluded therefrom that a verdict for the defendant could not be returned since· it would require removal of the buildings. Although the charge is correct as a statement of law, it presented an issue here not made by the pleadings and the evidence, and the court erred in so charging. *Bird* v. *Benton,* 127 *Ga.* 371 (56 S. E. 450) ; *Culberson* v. *Alabama Construction Co.,* 127 *Ga.* 599 (56 S. E. 765) ; *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (76 S. E. 387).

■ Since the case is reversed on other grounds and the evidence will undoubtedly be different on another trial, no ruling is made on the general grounds of the motion for new trial.

*Judgment reversed. All the Justices concur.*