## 20887, 20894. R. G. FOSTER & COMPANY *et al.* *v.* FOUNTAIN; and *vice versa.*

Argued May 9, 1960—Decided June 9, 1960.

116

118

*George L. Smith, II, Williams & Smith, Felix C. Williams, Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, Ariel V. Conlin, Deputy Assistant Attorney-General, Abbott & Abbott, W. Wright Abbott,* for plaintiffs in error.

*Homer S. Durden, Jr., Rountree & Rountree, J. Roy Mc-Cracken,* contra.

HEAD, Presiding Justice. This court will take judicial notice of the acts of the General Assembly of this State. Code § 38-112. There is no evidence in the present case that the town or village of Swainsboro prior to its incorporation as the Town of Paris (Ga. L. 1853-54, p. 269), or the Town of Paris prior to the repeal of the act incorporating such town (Ga. L. 1855-56, p. 398), or the Town of Swainsboro after its incorporation by the General Assembly in 1857 (Ga. L. 1857, p. 192), or the City of Swainsboro, incorporated by the General Assembly in 1900 (Ga. L. 1900, p. 427), ever received any deed, grant, or other express written dedication to Main Street in the City of Swainsboro. *Bayard* v. *Hargrove,* 45 *Ga.* 342; *Ford* v. *Harris,* 95 *Ga.* 97 (22 S. E. 144) ; *Owens Hardware Co.* v. *Walters,* 210 *Ga.* 321 (80 S. E. 2d 285).

There is no evidence of any express oral dedication of Main

Street as a public way by the petitioner or her predecessors in title, nor is there anything in the record to show that Main Street in the City of Swainsboro was laid out for public use by an act of the General Assembly, or that it came into existence as a county road by order of the ordinary or other authority having charge of county affairs (Code § 95-101), subsequently to the creation of Emanuel County by act of the General Assembly in 1812 (Ga. L. 1812, p. 828). While there is some testimony that the city scraped the streets and raked the sidewalks before the paving completed in 1928, the evidence is wholly insufficient to show that the city acquired title by prescription.

In the joint brief of counsel for the defendants it is said: "If the case at bar is not one of express dedication (it seems to us that it is such), certainly the case at bar is one where, as heretofore pointed out, the intention to dedicate, and to rededicate, is definitely and *actively* made entirely clear for all the purposes of defendant's case, and where this is true there is no distinction in legal results between semantics of express and implied dedication." While counsel for the defendants in oral argument conceded that the defendants relied upon implied dedication, he did not refer to the erroneous statement that there is no distinction in legal results between express and implied dedication. Where there has been an express dedication to public use and acceptance by the public or public authorities of only a part, longitudinally, such acceptance extends to the limits of the express dedication. In cases of implied dedication, there is no dedication implied beyond the use. *Ellis* v. *Mayor &c. of Hazlehurst*, 138 *Ga.* 181, 184 (75 S. E. 99); *Adams* v. *Richmond County*, 193 *Ga.* 42, 49 (17 S. E. 2d 184). When dedication results from mere use and acquiescence, it is not to be inferred that the donor parted with more than the use necessitates. *Brunswick &c. R. Co.* v. *Mayor &c. of Waycross*, 91 *Ga.* 573 (17 S. E. 674).

The petitioner concedes that the public has acquired by implied dedication the right to use Main Street to the west side of the curb and gutter. The evidence is in conflict as to whether or not the City of Swainsboro has acquired rights to the "grassy plot" along Main Street. There is no contradiction of the evi-

dence offered on behalf of the petitioner that the present sidewalk is located approximately in the same area as the walkway or dirt sidewalk which existed prior to the construction of the present paved sidewalk. There is no evidence of express dedication, and no implied dedication is shown of the land upon which the paved sidewalk is located other than for sidewalk purposes. Where private property abutting on a public highway is dedicated by the owner to the use of the public as a sidewalk, it can not be converted into a street for vehicular travel without first acquiring the right to do so from the owner, either by purchase or under the right of eminent domain. *Brown v. City of East Point,* 148 *Ga.* 85 (95 S. E. 962); *Donalson v. Georgia Power &c. Co.,* 175 *Ga.* 462 (165 S. E. 440); *Harris v. Powell,* 177 *Ga.* 15, 21 (169 S. E. 355).

As to the 3½ feet of property lying west of the sidewalk, there is no implied dedication by use on the part of the public, and as to this strip of property the petitioner's case falls squarely within the rule stated in *Georgia R. & Bkg. Co. v. City of Atlanta,* 118 *Ga.* 486 (45 S. E. 256), as follows: "Private property can not be taken for public use without payment therefor; nor can this end be obtained under a claim of dedication, unless it appears that the owner has expressly given the property, or, by his long-continued acquiescence in the exclusive use thereof, signified an intention to devote it to public purposes."

Under the evidence and the applicable rules of law, the verdict for the petitioner (except as to the amount of damages) was amply authorized (if not demanded), and the motions by the defendants for a directed verdict in their favor, and for a judgment notwithstanding the verdict, were properly denied by the trial judge.

The defendants offered in evidence certain maps or plats, which were admitted by the trial judge over the timely objections of counsel for the petitioner. The first of these drawings or plats is defendants' Exhibit No. 3, which bears the notation: "Drawn by P. B. Moring. Sept 1878." This plat or map does not purport to show the width of any street in the Town of Swainsboro, nor does it make any reference to being a plat or map of the Town of Swainsboro, and it is not identified other than as heretofore stated.

The defendants' Exhibit No. 4 is a plat or map with the notation, "Drawn by J. B. Moring," under which there is entered in writing, "January 4th 1881." This map or plat recites that it is "a representation of the town of Swainsboro Emanuel County Georgia." This plat or map lists a number of streets, showing Main Street to be 60 feet wide and Green Street 50 feet wide. Rountree Street, Steam Mill Street, Moring Street, and Appletree Street are represented as being 30 feet wide.

The defendants' Exhibit No. 5 purports to be a representation of the Town of Swainsboro, Emanuel County, Georgia, and bears the following affidavit: "49 yds. 7¼ inches square is a half acre. Georgia, Emanuel County: I, George W. Clifton, before me, A. D. Proctor, a Justice of the Peace in and for said county, do solemnly swear that as Surveyor, I did run out, survey and plat the township of Swainsboro, it being the county seat and principal town of said county. The survey and plat this day exhibited to me by Lewis W. Canady is the one made by me of the wotnship [sic] of said town, and is in every and all particulars, taking in consideration metes and bounds, longitudes and latitude, directions, space and distance, correct. Sworn to and subscribed before me this 24th day of November, 1890. A. D. Proctor George W. Clifton"

The defendants' Exhibit No. 6 purports to be a representation of the Town of Swainsboro, and bears the following certificate: "State of Georgia, Emanuel County. We hereby certify that the above plat is a true representation of the town of Swainsboro together with the County reserve and incorporation bounds. Surveyed by us September 2, 3, 4 and 5, 1874. Given under our hand . . . and seal of office. John D. Overstreet C. S. E. C. George W. Clifton, D. S. E. C." This plat or map in writing bears the following notation: "Main Street is 60 feet and all the rest is 50 feet wide."

The defendants' Exhibit No. 23 bears the following notation: "Plan of the Town of Swainsboro, Georgia . . . Recorded Feby. 19th, 1874- R. J. Pughsley, Clerk."

"Surveys or plats of land made by the county surveyor, under order of court, and on notice to all the parties, of lands within his county, signed by him officially, and stating the con-

tents, courses, distances, of any land surveyed by him, are presumptive evidence of the facts, if all the requisites of the law touching such surveys and the reports thereof are complied with." Code § 23-1112.

In *Durden* v. *Kerby*, 201 *Ga.* 780, 781 (41 S. E. 2d 131), in a full-bench decision prepared for this court by Mr. Chief Justice Jenkins, it was said in part: "The Code, § 23-1112 . . . deals with surveys or plats of official origin, and when such surveys or plats conform to the provisions of that Code section, they are admissible as 'presumptive evidence of the facts'; but unless a survey or plat is of official origin and meets the requirements of the Code section mentioned, it carries no presumptive value as evidence of the facts, although, if verified by oral testimony, it is admissible as a part of and as illustrative of such oral testimony for whatever it may be worth. *Maples* v. *Hoggard*, 58 *Ga.* 315; *Bunger* v. *Grimm*, 142 *Ga.* 448, 450 (4) (83 S. E. 200, Ann. Cas. 1916C, 173) ; *Bower* v. *Cohen*, 126 *Ga.* 35 (4) (54 S. E. 918) ; *Parker* v. *Salmons*, 113 *Ga.* 1167 (3) (39 S. E. 475) ; *Acme Brewing Co.* v. *Central Ry. &c. Co.*, 115 *Ga.* 495 (5) (42 S. E. 8)." See also *Clare* v. *Drexler*, 152 *Ga.* 419 (10) (110 S. E. 176) ; *Mickle* v. *Moore*, 188 *Ga.* 444, 447 (4 S. E. 2d 217) ; *Georgia Power Co.* v. *Green*, 207 *Ga.* 250 (61 S. E. 2d 146) ; *Woodard* v. *Bowen*, 213 *Ga.* 185, 187 (97 S. E. 2d 573) ; *McClung* v. *Schulte*, 214 *Ga.* 426, 428 (105 S. E. 2d 225).

Under the rules stated in Code § 23-1112 (which has been the law of Georgia since the Code of 1863), none of the plats admitted in evidence purported to be of official origin or to have been made by authority of law, nor is there any testimony to establish that any of the plats is correct. Honorable George Smith, II, a witness for the defendants, testified that he found the two maps or plats made by P. B. Moring, and the plat made by Overstreet and Clifton, in the private safe of the John C. Coleman estate some two years prior to the present litigation. The error in admitting purported maps, plats, or surveys that do not conform to the applicable rules pertaining thereto is forcefully illustrated by the present case. The defendants' Exhibit No. 6, which purports to be a plat or survey by Overstreet and Clifton made in 1874, has upon it in writing a statement that:

"Main Street is 60 feet and all the rest is 50 feet wide"; whereas the plat or drawing made by P. B. Moring dated January 4, 1881, and being the defendants' Exhibit No. 4, shows a number of named streets to be but 30 feet wide. None of the purported maps, plats, or surveys were shown by the testimony of any witness to be correct, and they were not admissible either as presumptive evidence under Code § 23-1112, or as illustrating the testimony of any witness testifying to their correctness. The same is true of the purported plats offered in evidence by the defendants, the exclusion of which plats is assigned as error in ground 15 of the amended motions for new trial of both defendants.

The defendants introduced in evidence a number of certified copies of deeds pertaining to the property of the petitioner. Where title to a public road or highway is not shown to be in the public by express grant, the owner of a lot abutting on such road or highway is presumed to own the fee to that half of the road or highway contiguous to his land, and this presumption is not rebutted by the description in a deed which refers to the road, street, or highway as the boundary line on one side of the property described. *Long* v. *Faulkner*, 151 *Ga.* 837 (108 S. E. 370).

In ground 10 of the amended motions for new trial, error is assigned on the following extract from the charge of the court: "Look to the evidence in this case and see if there is or is not any intention upon the part of the owner of this land, Mrs. Fountain, and her predecessors in title, to manifest an intention to dedicate that portion of Main Street now in controversy." It is contended that it was error and injurious to charge, "Mrs. Fountain, and her predecessors in title," rather than, "either Mrs. Fountain, or her predecessors in title," and that this charge tended to mislead and confuse the jury. This charge was a verbal inaccuracy, in that the word "and" was used in place of "or." It followed an instruction by the court that: "Dedication of land is either express or implied. Where dedication is implied, as contended in this case, it must appear that the land has been in the exclusive control of the public for period long enough to raise the presumption of a gift, and such presumption arises where there is proof of such use for a period of seven years,

accompanied by evidence of such acquiescence on the part of the owner as would manifest intention to make a gift." Under this instruction, the inaccuracy of the charge excepted to was not prejudicial to the defendants. Other than herein noted, the court fully, fairly, and impartially charged the applicable law on the issues in the case.

The case of *State Highway Dept.* v. *Strickland,* 214 *Ga.* 467 (105 S. E. 2d 299), referred to by counsel in oral argument, and the cases of *City of Albany* v. *Lippitt,* 191 *Ga.* 756 (13 S. E. 2d 807), and *Franklin* v. *Board of Lights &c. Works,* 212 *Ga.* 757 (95 S. E. 2d 685), are not in point on their facts with the present case.

The jury's verdict for $500 damages for the petitioner can not be sustained under the evidence offered. The highest damage shown by the evidence is $428. If counsel for the petitioner, upon the return of the remittitur of this court, will write off the excess ($72), the judgments denying the motions for new trial are affirmed; otherwise they are reversed in so far as they relate to damages.

Grounds 1 and 2 of the cross-bill of exceptions are not meritorious. The cross-bill assigns error on the admission in evidence of the plats identified as defendants' Exhibits Nos. 3, 4, 5, 6, and 7. For the reasons heretofore set forth, these exhibits were improperly admitted.

*Judgments affirmed in part and affirmed on condition in part on the main bill of exceptions; affirmed in part and reversed in part on the cross-bill. All the Justices concur.*