### 23392, 23393.   CENTRAL of GEORGIA RAILWAY COMPANY v. CITY OF METTER et al.; and vice versa.

Duckworth, Chief Justice.   This is an action to enjoin a continuing trespass upon a right of way of the Central of Georgia Railway Company in the city limits of Metter, brought against the City of Metter and its mayor and council, to prevent them from using and improving as a street a definitely defined area within the railroad's alleged 300-foot wide right of way in the main area of the city.   The case is here after the lower court refused to grant a temporary injunction after a hearing.   The railroad appeals claiming error in (1) the failure to grant the temporary injunction; and (2) in allowing in evidence over objection two plats or maps of Metter, allegedly made in 1899 and 1916.   By cross appeal the city alleges error in an order overruling the defendant's demurrers and in the granting of a stay order to maintain the status quo pending the outcome of the appeal. *Held*:

1. The petition alleges a cause of action for the relief sought, and the court did not err in overruling the demurrers. *Harrison v. City of East Point,* 208 Ga. 692 (69 SE2d 85).   Likewise, there was no error in granting a supersedeas. *Code* §§ 24-2616(1), 55-202.   Hence, the cross appeal is without merit.

2. The evidence was in conflict as to the right of the public generally to use the roadway or street lying within the right of way with or without the permission of the railroad, the area being between a spur track running along the north por-

tion of the right of way and warehouses constructed within the right of way just north of the main line of the railroad, the area being approximately 55 feet in width; and as to the amount of damages, if any, already occurring from the improvements made and other proposed improvements and the possible damages by continued and increased use by the public, if improved. The trial judge, having a wide discretion in "balancing the equities" in a case such as this, did not grant a temporary injunction. There being evidence to support him, no reversal will be granted thereon. *Code* §§ 55-104, 55-108; *Brooks v. Carter*, 216 Ga. 836 (120 SE2d 332); also *Ellis v. Hazlehurst*, 138 Ga. 181 (75 SE 99); *Dunaway v. Windsor*, 197 Ga. 705 (30 SE2d 627).

3. The two old plats allowed in evidence over objections came from the proper custody of the city but the earlier plat does not show that it was purported to have been made by authority since it was shown to have been made before the city charter was ever issued. See *Bunger v. Grimm*, 142 Ga. 448 (4) (83 SE 200). Hence it does not meet the requirements of law of either *Code* § 23-1112 or *Code* § 38-312, and could not be used without other testimony or evidence to show a proposed planned dedication by the original owner, Trapnell, who likewise conveyed the 300-foot right of way to the railroad. *Durden v. Kerby*, 201 Ga. 780 (41 SE2d 131); *R. G. Foster & Co. v. Fountain*, 216 Ga. 113 (114 SE2d 863). This error requires a reversal since this court can not say how much this illegally admitted evidence influenced the judgment denying an interlocutory injunction.

*Judgment reversed on main appeal; affirmed on cross appeal. All the Justices concur.*

ARGUED MARCH 15, 1966—DECIDED APRIL 7, 1966—
REHEARING DENIED APRIL 19, 1966.

*Spivey & Carlton, Milton A. Carlton, George H. Lane*, for appellant.

*Anderson & Trapnell, J. C. Trapnell*, for appellees.