53393. ECKERT v. LOUISVILLE & NASHVILLE RAILWAY COMPANY et al.

SMITH, Judge.

Eckert, the appellant, brought suit against the Louisville & Nashville Railway Co. and others alleging a trespass onto his lands and asking for actual and exemplary damages. During the trial the court directed a verdict in the appellees' favor removing the issue of additional damages from the jury's consideration, and the court excluded certain exhibits offered by the plaintiff. These decisions by the trial court are enumerated as error and we reverse.

1. Removing the issue of additional damages from the jury's consideration was the reversible error. Exemplary damages may be awarded when there has been, in the act or intention of a tort (Code § 105-2002), wilful misconduct, malice, fraud, wantonness, or oppression (*Delta Air Lines v. Isaacs,* 141 Ga. App. 209 (4)), or an entire want of care which would raise the presumption of a conscious indifference to consequences. *Co-Op Cab Co. v. Arnold,* 106 Ga. App. 160 (126 SE2d 689). If any of these elements is present, a jury is

authorized to hold a trespasser liable for exemplary damages in addition to the actual damages he caused. *Guest v. Riddle,* 237 Ga. 535 (228 SE2d 910). The evidence in this case amply raised the possibility that the trespassory act was accompanied by some of the above elements, and the ultimate decision should have been left to the jury.

2. There was no error in refusing to admit a survey offered by the plaintiff when no one who was present at the taking of the measurements reflected in the survey was present to testify as to the methods used in computing the measurements. See *Ga. Power Co. v. Green,* 207 Ga. 250 (61 SE2d 146).

3. Other documents were offered in evidence by the plaintiff and were excluded by the trial court. Extensive examination concerning what the offered exhibits purported to prove was presented to the court, and the court's determination that these documents were not relevant was no abuse of discretion.

4. The ruling in Division 1 of this opinion (which requires a reversal) makes it unnecessary to pass upon the charge complained about in enumeration of error number 9.

· *Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED JANUARY 31, 1977 — DECIDED APRIL 14, 1977.

*Gore, Shaw & Lee, Luke Frank Gore,* for appellant.
*Heyman & Sizemore, William H. Major, Patrick L. Swindall, Moreton Rolleston, Jr.,* for appellees.