### S91A0574. CLACK v. HENRY COUNTY.
(409 SE2d 647)

BENHAM, Justice.

Clack built a dam on his property abutting an unpaved road in Henry County. It is undisputed that the road has never been formally dedicated to the county, but that the county acquired a right-of-way by prescription. In the process of building the dam, Clack raised the elevation of the roadway some three feet. Because the change in elevation changed the drainage pattern, he installed a drainage system beneath the road to carry water into a ditch on the side of the road opposite his dam. Although the county warned Clack before he began construction that it claimed a right-of-way onto which the dam would extend, he continued with the construction. The county then brought this action seeking equitable relief in the form of an order requiring appellant to remove the dam. The trial court agreed that the dam encroached on the county's right-of-way and ordered it removed. This appeal followed.

1. Essential to the trial court's conclusion that Clack's dam encroached on the county's right-of-way was its conclusion that the right-of-way was 30 feet wide. The basis for that conclusion was the trial court's statement that it was the intent of the law to establish 30 feet as the minimum width for all roads so that counties and municipalities would know their rights with respect to all roads.

The evidence showed without dispute that the roadway involved here was of varying width, averaging 16 feet in the area affected by the dam. Clack argued below and continues to argue before this court that the county could only acquire by prescription a right-of-way over that which was actually used as a roadway, and that the standard 30 foot width on which the trial court and the county relied was applicable only to roads which were formally acquired by the county. We agree.

The county's right to the roadway depends on the historical use of the roadway as a public road, not on any express grant of the property to the county or on any express dedication of the property for use as a roadway.

> In cases of implied dedication, there is no dedication implied beyond the use. [Cits.] When dedication results from mere

use and acquiescence, it is not to be inferred that the donor parted with more than the use necessitates. [Cit.] [*R. G. Foster &c. v. Fountain*, 216 Ga. 113, 119 (114 SE2d 863) (1960).]

Since the evidence established that the use of the roadway in the area pertinent to this appeal was limited to a width of 16 feet, it follows that all the county acquired was a right to use and maintain a roadway 16 feet wide.

The county's contention and the trial court's conclusion that the right-of-way was 30 feet wide was apparently based on a statement in a treatise[1] to the effect that county roads are presumed to be 30 feet wide unless otherwise shown. In *Buchanan v. James*, 130 Ga. 546 (61 SE 125) (1908), a case cited in the treatise for that proposition, that presumption was raised, but the evidence showed that a right-of-way of less than 30 feet had actually been acquired. This court held that only the right-of-way actually acquired could be included in the roadway. The same principle applies in the present case: the roadway as to which the county acquired a right-of-way by prescription was only 16 feet wide, so that is all the county can claim.

2. The trial court also found that Clack had come upon the right-of-way owned by the county and modified it by elevating the grade of the roadbed, thereby trespassing on the county's property. It is uncontested that appellant did modify the road. However, that modification was not necessarily a trespass. In *Seaboard Air-Line R. Co. v. Greenfield*, 160 Ga. 407 (5) (128 SE 430) (1925), the railroad sought to build railroad tracks across a driveway it had earlier dedicated to public use, and the City of Atlanta got an injunction prohibiting the construction of the tracks. This court found the injunction too broad:

> The effect of the grant or dedication of land to public use is not to deprive the owner of his title thereto. He retains the exclusive right in the land for every purpose or use which is not inconsistent with the public easement. [Cit.] "He may continue afterwards to use the property for any purpose not inconsistent with the use to which it is dedicated." [Cit.] . . . The defendant should not be restrained from laying its tracks across said driveway . . . unless such construction and operation would necessarily and unreasonably interfere with the rights and easements to which the plaintiffs are entitled. . . . [Id. at 419-420.]

It is apparent from the trial court's order that its findings concerning trespass and the legality of the modifications to the roadway

---

[1] Pindar, Georgia Real Estate Law, § 5-24 (3d ed.).

were based on its erroneous conclusion that the county's right-of-way is 30 feet wide. Upon the return of the remittitur in this case, those issues must be considered anew in light of the principles stated in *Seaboard Air-Line R. Co. v. Greenfield*, supra, and our holding that the county's right-of-way is only 16 feet wide.

*Judgment reversed. All the Justices concur. Weltner, J., disqualified.*

DECIDED NOVEMBER 1, 1991.

*Crumbley & Crumbley, Wade M. Crumbley,* for appellant.
*Blount & Renehan, Ernest D. Blount,* for appellee.