S00A1761. ROLISON et al. v. GEORGIA CENTRAL RAILWAY, L.P.
S00A1762. HARDEN et al. v. GEORGIA CENTRAL RAILWAY, L.P.
(544 SE2d 116)

THOMPSON, Justice.

This case concerns the width of a railroad right-of-way. The railroad claims its right-of-way extends 200 feet, i.e., 100 feet on either

---

side of the centerline. The Rolisons and the Hardens, adjoining land-owners, assert the railroad's right-of-way extends 100 feet, i.e., 50 feet on either side of the centerline. Finding the right-of-way to be 200 feet wide as a matter of law, the trial court awarded summary judgment to the railroad. We reverse.

The railroad's predecessors began operating a railroad along the right-of-way in 1888, just a few years before the Rolisons' and Hardens' predecessors took title to their property. The right-of-way has been in continuous use since that time. Although the predecessors of other adjoining landowners gave the railroad's predecessors deeds specifying that the railroad's right-of-way is 200 feet wide, no such deeds were granted by the predecessors of the Rolisons and Hardens.

When the railroad notified adjoining landowners that it intended to cut timber which stood within 100 feet of the centerline of the right-of-way, the Rolisons and Hardens objected, asserting the railroad could only cut timber within 50 feet of the centerline. Thereupon, the railroad brought suit to ascertain the width of its right-of-way across the Rolisons' and Hardens' property. The Rolisons and the Hardens answered and the issue was joined.

The railroad moved for summary judgment; so did the Rolisons. The railroad presented the charters of its predecessors which demonstrated that they were entitled to acquire a right-of-way of 200 feet. It also presented the affidavit of a surveyor who averred that he found an iron pin on an adjoining landowner's property; that the pin was 100 feet from the centerline of the right-of-way; and that he believed the right-of-way was 200 feet wide.

In an affidavit submitted in opposition to the railroad's motion for summary judgment, Jack Harden averred that, approximately 60 years ago, his father erected a fence which borders his property and the railroad right-of-way; that the fence, which still stands, lies 50 feet from the centerline of the right-of-way; and that the fence has been maintained and repaired by the Hardens ever since it was erected. Jack Harden averred further that a fire destroyed timber which was situated on the property in dispute, i.e., on his side of the fence; and that the railroad paid him damages for that timber.

The trial court granted the railroad's motion and the Rolisons and Hardens appeal, enumerating error upon the grant of summary judgment to the railroad. In addition, the Rolisons assert the trial court erred in denying their summary judgment motion.

1. It is undisputed that the railroad has a right-of-way through the property owned by the Rolisons and Hardens. The only question for decision is the width of that right-of-way.

Under the law of this state, a railroad right-of-way cannot exceed 200 feet in width. *Atlantic & Birmingham R. Co. v. Penny*, 119 Ga. 479, 482 (46 SE 665) (1904). Whether a railroad uses all 200 feet is a

matter left to the railroad's discretion. Id.

Where the extent of a railroad right-of-way is not specified, we can ordinarily presume that a railroad intends to use the full width to which it is entitled. See *Atlantic Coast Line R. Co. v. Baker*, 141 SE 688 (S.C. 1927) (rebuttable presumption that railroad has acquired land of the maximum width permitted by its charter); Pindar, Ga. Real Estate Law, § 5-24 (4th ed.) (presume county road is full statutory width where no facts to contrary). In this case, however, we cannot so presume because the adjoining landowners have presented facts which put the width of the right-of-way in question. See *Clack v. Henry County*, 261 Ga. 623 (1) (409 SE2d 647) (1991).

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewing the evidence in favor of the Rolisons and Hardens, we find a genuine issue of material fact exists with regard to the extent of the right-of-way. It follows that the trial court erred in granting the railroad's motion for summary judgment.

2. Turning to the Rolisons' motion for summary judgment, we view the evidence in a light favorable to the railroad. OCGA § 9-11-56 (c). In support of their motion, the Rolisons rely on the affidavit of an attorney showing an unbroken chain of title beginning with a land grant from the state of Georgia. This evidence does not demonstrate that the Rolisons are entitled to judgment as a matter of law.

No one disputes the Rolisons' title. The question for decision is the width of the railroad's right-of-way. The evidence presented by the Rolisons sheds no light on this question.

*Judgment affirmed in part and reversed in part in Case No. S00A1761; judgment reversed in Case No. S00A1762. All the Justices concur.*

DECIDED MARCH 2, 2001.

*Malcolm F. Bryant*, for appellant (case no. S00A1761).

*Newton, Smith, Durden, Kaufold, Rice & Tribble, William R. Rice*, for appellant (case no. S00A1762).

*Cheney & Cheney, Curtis V. Cheney, Jr.*, for appellee.